## WESLEY MYERS v. WILLIAM E. BERRY.

1. JURISDICTION—*Construction.* Jurisdiction is the power to hear and determine the subject matter of the controversy, and to exercise judicial power over the parties, and when this power is absent, in either case, the court is without jurisdiction. When the court has no jurisdiction of the subject matter either party to the suit may avail himself of the objection at any stage of the proceedings, and whenever the court takes jurisdiction of the subject matter, it will, of its own motion, or, when its attention is called to the fact, refuse to proceed further and dismiss the case.

2. SAME—*Must Affirmatively Appear.* A court will reverse a judgment for want of jurisdiction, not only in cases where it is shown negatively that jurisdiction does not exist, but even when it does not appear affirmatively that it does exist.

3. SAME—*Objection to May Be Made at Any Time*    Jurisdiction of the subject matter is to be determined from the allegations of the petition, and if the petition fails to disclose such a state of facts as will authorize a court of equity to hear and determine the matters complained of, then such court is without jurisdiction, and the objection may be made on appeal after judgment by the party in whose favor the judgment is rendered.

4. TOWNSITE LAWS—*Findings of Fact by Trustees Is Final Unless Proper Appeal Is Taken.* The findings of fact made in a lot controversy by a board of townsite trustees appointed under the act of congress approved May 14, 1890, relating to townsites in Oklahoma, are final and conclusive unless on appeal to the proper departmental officers. The courts will not inquire into the facts or evidence

upon which findings are based unless it is clearly made to appear that such findings were procured by fraud, imposition or misrepresentation to the manifest injury of the party complaining.

5. COURT OF EQUITY—*Powers May Be Invoked, When.*  In order to authorize a court of equity to interfere with the final action of a board of townsite trustees appointed under act of congress of May 14, 1890, on account of a misapplication of the law by such trustees, the petition must specifically set out the findings of fact made by such trustees, in order that the court may determine whether or not the law was properly applied to the facts found by the trustees.

6. PLEADINGS—*Petition Insufficient.*  A petition which seeks to annul the action of such a board of trustees in the final disposition of a lot, and which fails to set out the findings of fact upon which their action was based, and does not allege that there was any fraud, imposition or misrepresentation by which the petitioner was prevented from having a fair hearing, does not state such facts as will authorize a court of equity to interfere.


*Error from the District Court of Payne County.*


*Frank A. Hutto,* for plaintiff in error.

*Neill & Clarke* and *Keaton & Cotteral,* for defendant in error.


The opinion of the court was delivered by

BURFORD, J.:  This is a suit in equity brought by Wesley Myers, the plaintiff in error, to charge William E. Berry, the defendant in error, as trustee of certain town lots, situated in the town of Stillwater, Payne county, Oklahoma territory.  Issues were formed, trial had by the court, finding and judgment for the defendant.  Myers appeals to this court and asks that said judgment be reversed.  The defendant in error, in whose favor the judgment was rendered below, objects to the consideration of the cause for the reason that the district court had no jurisdiction of the subject matter of the controversy.  No cross errors are as-

signed; but, inasmuch as the question of jurisdiction is the vital question in every case, we will first consider that question.

The amended complaint upon which the trial was had is as follows:

"In the district court in and for Payne county, Oklahoma Territory, April term, 1892.

"*Wesley Myers*, plaintiff, *v. William E. Berry*, defendant. —Amended Complaint.

"Now comes Wesley Myers, and, by leave of the court, being first had and granted, amends his complaint heretofore filed herein, so that the same shall read as follows: 'Wesley Myers, plaintiff in the above entitled cause, for his complaint against the defendant, William E. Berry, states that he is a resident of said county, and that defendant is also a resident thereof; that on and prior to May 1, 1891, the north half of the northwest quarter, section 23, township 19, north of range 2, east I. M., and in said county and territory, was public land of the United States and was settled upon and occupied as a townsite, under the townsite laws of the United States; that on said 1st day of May, 1891, Daniel J. McDade, John H. Shanklin and William H. Merriweather, constituting Board No. 1 of townsite trustees, appointed by the secretary of the interior under an act of congress approved May 14, 1890, entitled "An Act to Provide for the Townsite Entries of Land in What is Known as Oklahoma, and for other purposes," as such trustees, entered said tract of land at the United States land office at Guthrie, Oklahoma, under the townsite laws of the United States, in trust for the several use and benefit of the occupants thereof, according to their respective interests therein; that plaintiff was on said May 1, 1891, and long prior thereto, an actual *bona fide* occupant and inhabitant of said tract, and is still such occupant and inhabitant of said tract, and that on or about the 20th day of January, 1891, plaintiff entered upon and occupied a certain piece and parcel of said tract of land as occupied as a townsite, and that said peice and parcel of said tract of land is now described

as lots 1, 2, 3 and 4 of block 36, in the town of Still-
water, Payne county, Oklahoma Territory; that plain-
tiff has resided upon said lots continuously since the
the 20th day of January, 1891, to the present time, and
is now an actual *bona fide* resident thereon, and has the
quiet and peaceable possession thereof and has so had
since said 20th day of January, 1891, and during all
said time he has claimed said lots in his own right and
title, and is the equitable owner of said lots, sooner
alleged.

" 'That he is and has always been a citizen of the
United States and was over twenty-one years of age
at the time he settled upon said lots as aforesaid; that
he did not enter upon nor occupy any portions of lands
opened to settlement under the act of March 2, 1889,
in violation of said act, nor of the president's procla-
mation issued thereunder prior to 12 o'clock noon,
April 22, 1889; that on said 20th day of January, 1891,
he built a house 12x16 feet, worth $35, on said lot, and
inclosed said lots with a three wire and post fence
worth, and of the value of $15, and has planted said
lots to fruit trees; that on or about the 6th day of
June, 1891, he submitted all the above facts and proof
thereof to said board No. 1, of townsite trustees then
in regular session for the hearing of such proof, and
fully advised said board in the premises, and tendered
to said board the due proportion and assessment
levied against said lots by said board as the amount
due said board in full for all their costs, charge, dues,
assessments and compensations for entering, proving
up, and deeding the same, and was then and there
ready and willing and able to pay said sum and still
is so; that notwithstanding the foregoing facts, said
board No 1, of townsite trustees, violating their duties
as such trustees and in utter disregard of the rights of
this plaintiff did, on June 6. 1891, make, execute, ac-
knowledge and deliver to said defendant a deed to
lots No. 1, 2, 3 and 4, in block No. 36, in the town of
Stillwater, Payne county, Oklahoma Territory, well
knowing that this plaintiff was entitled to a deed for
said lots, a copy of said deed is hereto attached,
marked exhibit A, and made a part hereof; that de-
fendant never resided upon or occupied or improved
said lots in any way and that defendant was never an

occupant or inhabitant of said townsite and that he holds said deed in trust for this plaintiff, but that said defendant has failed and refused and still fails and refuses to convey said lots to plaintiff, but claims to own the same in his own right and title adverse to plaintiff and that said claim so set up and asserted by defendant, and said deed so issued to him by said board are clouds upon plaintiff's title to said lots to his great damage and injury.   Wherefore, he prays that said defendant be declared by this court a trustee for plaintiff and that he hold said lots and said deed in trust for him; that this defendant be compelled to convey by this court, a good and sufficient conveyance of all his right, title and interest in and to said lots, to this plaintiff, which he may have acquired by, through or under said deed so given to him by said trustees; that on failure of defendant to so convey, a commissioner be appointed to make such conveyance; that plaintiff's title to said lots be forever established and confirmed against defendant and any and all persons claiming by, through or under him, and that said clouds upon his title be removed and that his title thereto be confirmed and established and quieted against defendant and all persons, claiming by, through or under him, and that plaintiff have judgment for costs of this suit and for such other and further relief as to the court may seem fitting and proper.'

"KING & MILLER,
"Attorneys for Plaintiff."

If the complaint does not confer jurisdiction of the subject matter, then there is no authority to hear and determine the matter in controversy.

If the district court had no jurisdiction, then its judgment is of no force and effect, and this court has the right to determine that question, on objection made by the person in whose favor judgment was rendered, as well as one against whom a judgment is rendered.

Brown on Jurisdiction, § 10, states the rule as follows:

"The parties cannot confer jurisdiction of the sub-

ject matter by consent. This is an established maxim of the law, the true interpretation of which is that the consent of the parties cannot empower the court, but the law must empower it to act upon the subject matter upon which it gives judgment. The court is the creature of the law, and upon considerations of general public policy the law defines, limits, extends or restricts its jurisdiction, and the acts of the parties can neither enlarge nor restrict its powers by consent. Therefore, it may be safely laid down as a fundamental rule that when a court has no jurisdiction of the subject matter of a controversy even although the party made no objection thereto, the person affected by its judgment is at liberty to repudiate its proceeding and refuse to be bound thereby. Although the proceeding may be by consent, the defendant may have voluntarily appeared to the action and entered no protest and may have pleaded to the merits, the rule is still the same. It may be further said that where the court has no jurisdiction of the subject matter of the controversy the defendant may avail himself at any stage of the proceeding of this want of power, and any maxim that requires one to move promptly in order to take advantage of any irregularity has no application here, since this is not a mere irregularity, but a total want of power to act in the premises at all. The law goes still further than this. Whenever the court lacks jurisdiction of the subject matter it may on its own motion, or when its attention is called to the fact, refuse to proceed further and dismiss the action."

In the case of *Mansfield C. & L. M. R. R. Co. v. Swan*, 111 U. S. 379, the supreme court of the United States said:

"This court will, when no motion is made by either party, on its own motion, reverse a judgment for want of jurisdiction, not only in cases where it is shown negatively that jurisdiction does not exist, but even when it does not appear affirmatively that it does exist."

The court, in the same case, further discussing the subject of jurisdiction, said:

"The rule springing from the nature and limits of

the judicial power of the United States is inflexible and without exception, which requires this court, of its own motion, to deny its own jurisdiction and in the exercise of its appellate power, that of all other courts of the United States, in all cases where such jurisdiction does not affirmatively appear in the record on which, in the exercise of that power, it is called to act. On every writ of error or appeal the first and fundamental question is that of jurisdiction, first of this court, and then of the court from which the record comes. This question the court is bound to ask, and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it. This rule was adopted in *Capron v. Van Noorden*, 2 Cranch 126, decided in 1804, where a judgment was reversed, on the application of the party against whom it had been rendered in the circuit court, for want of the allegation of his own citizenship, which he ought to have made, to establish the jurisdiction which he had invoked. This case was cited with approval by Chief Justice Marshall in *Brown v. Keene*, 8 Pet. 112."

It presents rather an anomalous situation for the party in whose favor a judgment is rendered to insist, on appeal, that the court which rendered the judgment had no jurisdiction. But we see no good reason why such objection may not properly be made, and, if well taken, must dispose of the case without further investigation.

Jurisdiction is the power to hear and determine the subject matter in controversy between parties to the suit, to adjudicate or exercise any judicial power over them, and when this power is absent the court is without jurisdiction. Where it is apparent from the complaint that the court has no power to determine the matter complained of in the petition, or where the petition fails to state such a case as will give the court jurisdiction, then the objection may be made at any time, and whenever the matter is brought to the attention of the court in any manner, it should refuse to proceed further and dismiss the proceedings.

. The question of jurisdiction presented in this case goes to the power of a court of equity to set aside and vacate the finding or judgment of a special tribunal created by an an act of congress for a special purpose, and invested with power and authority to determine the matter in controversy.

We said, in *Twine v. Carey*, 2 Okla. Rep, 249, 37 Pac. Rep. 1096:

"The townsite trustees appointed under act of May 14, 1890, bear the same relation to the disposition of town lots that registers and receivers do to the disposal of the public lands, and their decisions on questions of fact are conclusive, and will not be inquired into except on appeal to the proper departmental officers. A court of equity will only interfere to prevent injustice from being done, after final judgment, by reason of fraud, accident, mistake or misapplication of the law."

In *Moore v. Robbins*, 96 U. S. 530, it was said by Mr. Justice Miller:

"The decision of the officers of the land department, made within the scope of their authority on questions of this kind, is in general conclusive everywhere except when reconsidered by way of appeal within that department, and that as to the facts on which their decision is based, in the absence of fraud or mistake, that decision is conclusive even in courts of justice, when the title afterwards comes in question. But that in this class of cases, as in all others, there exists in courts of equity the jurisdiction to correct mistakes, to relieve against fraud and impositions, and in cases where it is clear that those officers have, by mistake of the law, given to one man the land which, on the undisputed facts, belonged to another, to give appropriate relief."

In the case of *Vance et al. v. Burbank et al.* which was a suit in equity having for its purpose the same object as the case at bar, it was said by Mr. Chief Justice Waite:

"Where the question in dispute is one of fact and

both parties have submitted their testimony, it is to be determined by the land department and, in the absence of fraud, their conclusions are final on all questions of fact. * * * The appropriate officers of the land department have been constituted a special tribunal to decide such questions and their decisions are final to the same extent that those of other judicial or *quasi*-judicial tribunals are."

These principles are sustained by numerous decisions of the supreme court of the United States and are controling in this court.

Applying these rules to the case under consideration: Was such a case presented by the petition, as would authorize a court of equity to take jurisdiction of the matter? All presumptions are in favor of the regularity and legality of the action of the townsite trustees. There is no allegation of fraud or of imposition, but the plaintiff alleges that he was qualified to take a lot in the townsite of Stillwater; that he did settle upon a lot and improved the same and resided upon the same from a date prior to the entry of the land for townsite purposes, to the date of bringing his suit. That he applied to the townsite board, made his proof and tendered the legal fees, and that they decided against him and awarded the lot to the defendant and afterwards conveyed same to him.

Under the law and the rules of the department, these officers were required, when there were adverse claimants to lots, to hear the evidence and determine the rights of the parties, and make their award, from which an appeal might be taken to the commissioner of the general land office, and from his decision to the secretary of the interior.

The trustees were necessarily required to find, as a question of fact, before issuing the deed, that the defendant was an occupant of the lots in dispute at the time the townsite was entered, and that he had a better claim than that of the plaintiff. This must

necessarily, under the allegations of the complaint, have been a disputed question, and the finding of the trustees is conclusive and final in the absence of any fraud or imposition, and no fraud or imposition is alleged. It cannot be contended that the complaint makes a case for a court of equity to correct mistakes of law, for no evidence is set out on which the board acted, and no findings of fact are pleaded.

In order to present the question as to whether or not the trustees misapplied the law, it would be necessary to accompany the petition with the findings of fact upon which they made their rulings in order that the court might determine as a matter of law, whether their application of the law was correct.

The court has no power or authority to review the facts or weigh the evidence taken before the board, in order to determine whether they arrived at proper conclusions of fact.

The petition is drawn upon the theory that the court has original jurisdiction to try and determine the same questions of fact that were passed upon by the town-site trustees. This is an erroneous theory.

The complaint does not state such a case as will authorize a court of equity to hear and determine any question thereby presented, and does not confer jurisdiction on such a court to interfere with the findings of the officers whose duty it was to determine the rights of the parties. Hence, the district court was without jurisdiction to hear and determine the matters complained of, and was without authority to pass upon the questions of fact presented by the complaint, and it was error to render any judgment thereon.

The judgment is reversed and cause remanded to the district court with directions to dismiss the petition at the costs of the plaintiff.

Dale, C. J., not sitting; all the other Justices concurring.