TIMOTHY RICHARDSON *vs.* CLINTON WALL TRUNK
MANUFACTURING COMPANY & others.

Worcester.    May 21, 1902. — June 17, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Equity Jurisdiction*, Over foreign corporations. *Receiver.* *Corporation*, Foreign.

A bill in equity may be maintained by a stockholder of a corporation organized in
another State and doing business here, against the corporation and its president
and directors, to restrain the directors from carrying on in this Commonwealth
a business not authorized by the company's charter, and also to compel the
directors to account for property of the corporation misappropriated by them,
this being in the nature of a suit by the corporation against wrongdoers whose
persons and property are in the Commonwealth rather than a regulation of the
internal affairs of the foreign corporation.

In a suit by stockholders to enjoin the directors of a foreign corporation from doing
business *ultra vires* and to compel them to account for property of the corpo-
ration misappropriated by them, the appointment of a receiver generally is not
necessary or proper, although it is possible that a special case might arise in
which such an appointment would be justified.

BILL IN EQUITY, filed September 19, 1900, and amended Sep-
tember 29, 1900, and March 16, 1901, by a stockholder, in behalf
of himself and all other stockholders except the defendants, in
the Clinton Wall Trunk Manufacturing Company, a corporation
organized in the State of Maine and doing business in this Com-
monwealth, against Lyman Leighton, Albert E. Leighton, C. M.
Leighton and Caroline S. Leighton, alleged to be controlling
stockholders and the president and directors of the corporation.

The defendants' answer to the amended bill contained a
demurrer.

In the Superior Court the case came on to be heard before
*Gaskill*, J., upon the plaintiff's bill and amendments, the memo-
randum of findings of *Bond*, J., the demurrer to the bill before
the last amendment, and the demurrer in the answer to the
bill as amended, and, at the request of the parties, the case was
reserved for the consideration of this court. If the demurrer to
the amended bill should be sustained without further amend-
ments being allowed to the plaintiff, the bill was to be dismissed;
otherwise, such order was to be made as justice and equity might
require.

*J. Smith*, for the plaintiff.

*H. Parker & H. H. Fuller*, for the defendants.

KNOWLTON, J.   The defendant corporation was established under the laws of Maine; but all of its officers, except its clerk, are residents of this Commonwealth, and all its property is in Massachusetts.   The prayer of the bill as originally drawn was that the officers be enjoined from disposing of any of its property, that a receiver be appointed, that the affairs of the corporation be wound up by the collection of its assets and the payment of its debts, and that it be dissolved.

It is obvious that courts of equity have no jurisdiction to dissolve a foreign corporation or to liquidate its indebtedness, and this primary purpose of bringing the bill has been abandoned.

The prayer of the amended bill is for the appointment of a receiver, for an injunction against the defendant officers to prevent them from using the name or property of the company for carrying on business contrary to its charter, for an account of the company's property taken and misappropriated by them, and for general relief.   It is stated in the bill that the defendant directors have fraudulently used the property and franchise of the corporation for their own private gain, and have misappropriated the property in different ways, and have caused the corporation to carry on business which it was not permitted to do under its charter.   The bill states a case which entitles the plaintiff to relief, and the averments make it plain that he could not expect to obtain favorable action from the directors or from the corporation, and that he would be left without remedy if he was not permitted to bring the suit in his own name.   *Brewer* v. *Boston Theatre*, 104 Mass. 378.   *Dunphy* v. *Traveller Newspaper Association*, 146 Mass. 495.

In reference to the allegations that the defendant directors are engaging the corporation in business *ultra vires*, the plaintiff is not left to seek his remedy through the attorney general of Maine acting in the public interest in the courts of that State. The corporation is doing business under our statutes in this Commonwealth.   The plaintiff's rights are affected and his property is imperilled by the unlawful action of the defendants within our jurisdiction.   The parties are all subject to the process of our courts.   The plaintiff should have relief in a court

of equity against the continuance of this violation of our laws. The principles applicable to the unlawful conduct of the directors in this particular are like those invoked against the frauds of directors in misconducting the business of a corporation or misappropriating its property for their own personal gain. *Brewer* v. *Boston Theatre, ubi supra.* *Dunphy* v. *Traveller Newspaper Association, ubi supra.* *Hodges* v. *New England Screw Co.* 1 R. I. 312. *Gregory* v. *Patchett,* 33 Beav. 595. *Colman* v. *Eastern Counties Railway,* 10 Beav. 1. *Salomons* v. *Laing,* 12 Beav. 339. *Bagshaw* v. *Eastern Union Railway,* 7 Hare, 114. *Cunliff* v. *Manchester & Bolton Canal Co.* 2 Russ. & M. 480, n. We are of opinion that, upon proof of its averments, the bill can be maintained for the purpose of enjoining the defendant directors from further using the company's name or property in carrying on in this Commonwealth a business not authorized under the company's charter.

The plaintiff asks that the defendant directors be ordered to account for the company's property taken and misappropriated by them. It is contended that this calls for an interference by this court with the management of the internal affairs of a foreign corporation, which should be left to the courts of the State in which the company is incorporated. The rule is well established in this Commonwealth that ordinarily our courts will decline jurisdiction in matters which pertain to the interior life and conduct of a corporation as a creature of a foreign State, and which particularly involve a knowledge and application of the statutes of that State, and which often require for their proper adjustment full jurisdiction of the corporation and of its members for different purposes. *Kimball* v. *St. Louis & San Francisco Railway,* 157 Mass. 7, and cases cited. *Wason* v. *Buzzell, ante,* 338. *North State Copper & Gold Mining Co.* v. *Field,* 64 Md. 151. But this part of the present plaintiff's case is rather in the nature of a suit by the corporation against wrongdoers whose persons and property are in this Commonwealth. That an account may be taken in such a case, even when the corporation was organized in another State, was expressly decided in *Wineburgh* v. *United States Steam & Street Railway Advertising Co.* 173 Mass. 60.

The remaining prayer is for the appointment of a receiver.

Such an appointment is merely ancillary to other relief.   If this court had jurisdiction to dissolve the corporation and wind up its affairs, and if a case were made out for such relief, the appointment of a receiver would be proper.   But the appointment of a receiver is not necessary or proper as ancillary to an injunction against doing business *ultra vires*, or to an order for an account of property misappropriated by directors.   Ordinarily a receiver will not be appointed in actions against directors or officers of a corporation for misconduct in its management. *Neall* v. *Hill*, 16 Cal. 145, 149.   *Empire Hotel Co.* v. *Main*, 98 Ga. 176, 183.   *McGeorge* v. *Big Stone Gap Improvement Co.* 57 Fed. Rep. 262, 270.   Nor will such an appointment be made when a receivership would amount in effect to a dissolution of the corporation.   *United States Trust Co.* v. *New York, West Shore & Buffalo Railway*, 101 N. Y. 478, 483.   *Mason* v. *Supreme Court of the Equitable League*, 77 Md. 483, 485.   We do not decide that there might not be facts which would justify the appointment of a temporary receiver in a suit founded on the misconduct of directors, even when a court has no jurisdiction to liquidate the affairs of the corporation.   But in this bill there are no averments which would justify the court in making such an appointment.

Inasmuch as the bill states a case which entitles the plaintiff to a part of the relief prayed for, the entry will be

*Demurrer overruled.*