R. C. Rhyne v. The Manchester Assurance Company, *a Corporation.*

(Filed September 3, 1904.)

1. **APPELLATE COURT—Powers of.** An appellate court has not only the power to determine its own jurisdiction, but may also inquire into the jurisdiction of the court from which the appeal is taken.

2. **SAME.** While the district court is not authorized to review the judgments of the probate court taken to it by appeal, yet it has power to hear a motion to dismiss for want of jurisdiction.

3. **JUSTICE COURTS—Jurisdiction.** Courts of justices of the peace are courts of special and limited jurisdiction, and jurisdiction of the subject-matter and of the parties must be made to affirmatively appear. No presumptions are indulged in favor of jurisdiction.

4. **SAME.** Where jurisdiction has once attached, the usual presumptions are always entertained as to all subsequent proceedings, and where it affirmatively appears that the justice acquired jurisdiction both of the subject-matter and of the persons of the defendants, then the same presumptions are indulged in favor of the regularity and validity of the proceedings of justice courts as are extended to courts of general jurisdiction.

5. **DISTRICT COURT—Error to Dismiss Appeal, When.** It is error for the district court to dismiss a cause appealed from the probate court acting with the jurisdiction of a justice of the peace, for the reason that the record fails to disclose that a continuance for more than ninety days was with the consent of the parties.

(Syllabus by the Court.)

*Error from the District Court of Blaine County; before James K. Beauchamp, Trial Judge.*

*Forrest & Smith,* for plaintiff in error.

*Lookabaugh Bros.,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: The plaintiff in error Rhyne brought his action in the probate court of Blaine county against the defendant in error to recover the sum of twenty-four dollars and accumulated interest, alleged to be due for part of a return premium on a policy of insurance. A summons was issued and the sheriff's return recites that it was served upon the company's agent at Watonga. The company appeared and filed a demurrer to the bill of particulars upon two grounds: first, that the bill of particulars did not state facts sufficient to constitute a cause of action, and second, that the court was without jurisdiction. The demurrer was sustained on the first ground, and the plaintiff given leave to file an amended bill of particulars. This action by the defendant constituted a general appearance. While it is the law in this Territory that a defendant may appear specially for the purpose of objecting to the jurisdiction of the court, and if his objection is overruled, plead to the merits without waiving his right to be heard on such objection on appeal, yet one cannot in the first instance blend his proceedings and plead both to the merits and to the jurisdicton at the same time, and in the same pleading. Such action constitititutes a general appearance, and gives the court jurisdiction of the person of such defendant even when the process or service is insufficient.

After service of summons and prior to the trial, the case was continued several times, and the record is silent as to why the continuance was had at each particular time. The original bill of particulars was filed on August 14, 1902, and after the several continuances the cause was finally tried,

and judgment rendered in plaintiff's favor on December 16, 1903, for the sum of twenty dollars and costs. The justice's transcript shows that the longest continuance granted at any one time was thirty days; that three amended bills of particulars were filed at divers times, and as many demurrers, and that the defendant finally asked and obtained leave to file its answer and cross bill of particulars on the day the judgment was rendered.

The defendant appealed the case to the district court of Blaine county, and there moved to dismiss the case for the reason that it appeared from the record that the case had been continued from time to time by the probate judge for more than ninety days after the return day in the summons, and that said cause was continued without the consent or agreement of the defendant. The district court sustained this motion, and dismissed the cause without prejudice, and rendered judgment against the plaintiff for costs. It is from this order and judgment that the plaintiff appeals. The record is very unsatisfactory and incomplete, but as this court has already overruled a motion to dismiss for these reasons, we must treat that question as settled. The record purports to be a transcript, including a bill of exceptions which it is contended embraces the alleged errors complained of.

Counsel for plaintiff in error contend that inasmuch as the question determined by the district court was purely a question of law, that the appeal was improperly taken to that court, and that it was without jurisdiction to review the action of the probate court. It is the general rule that all appeals from the probate court involving questions of

law alone must be taken directly to the supreme court, but there is also a general rule which must be construed in connection with this one, which is, that an appellate court has at all times the power to inquire into and determine its own jurisdiction, and for that purpose may hear a motion to dismiss the cause or appeal. If the probate court was without jurisdiction at the time it rendered the judgment appealed from, the district court had the right to inquire into that question for the purpose of determining its own jurisdiction, for, if the probate court had no jurisdiction to determine the cause at the time it did, it follows that the district court acquired no jurisdiction on appeal.

It is further contended that the defendant having taken the appeal, given bond and filed the transcript in the district court, cannot now be heard to question the jurisdiction of the district court. While it is a general rule in court procedure that one will not be permitted to call in question a state of affairs which he has by his own voluntary acts brought about, nor to reap any advantage from his own acts to the detriment of his adversary, yet this general rule is subject to the exception that the judicial power must not be exercised in a case to which it does not extend, and the courts will depart from their settled course of procedure so far as to allow a party to assign for error that which was for his advantage, when such action relates to the want of jurisdiction. (*M. C. & L. M. Ry. Co. v. Swan,* 111 U. S. 379; *Myers v. Berry,* 3 Okla. 612, 41 Pac. 580.)

There is no question but that the district court was authorized to entertain the motion to dismiss for want of jurisdiction. Did it properly exercise such power? The

motion to dismiss presented by the defendant and sustained by the court, presents the question as to whether the record disclosed affirmatively that the probate court had lost jurisdiction of the case prior to the time judgment was rendered.  Counsel for defendant contends, and the trial court evidently adopted this view, that a continuance of the case by the probate judge for more than ninety days, unless by the consent or agreement of the parties, would work a discontinuance of the cause, and result in the probate court losing jurisdiction.  This contention is based upon sec. 5004, Wilson's Statutes, 1903, which provides:  "An adjournment may be had on account of the absence of evidence by either party on the return day, or any other subsequent time to which the case may be adjourned, on the application of either party, for a period not exceeding ninety days from the time of the return day of the summons, upon filing an affidavit showing the materiality of the evidence expected to be obtained, and that due dilgence has been used to obtain it, and where the evidence may be; and if it is for an absent witness, the affidavit must show where the witness resides, if his residence is known to the party, and the probability of procuring his testimony within a reasonable time, and what facts be believes the witness will prove, and that he believes them to be true.  If thereupon the adverse party will consent that on the trial the statement of facts alleged in the affidavit shall be read and treated as the deposition of the witness, or that the facts in relation to other evidence shall be taken as proved to the extent as alleged in the affidavit, no continuance shall be granted on the ground of the absence of such evidence."

We do not think this statute has any application to the state of the record in this cause. There is no contention or assumption that any continuance had was on account of the absence of evidence. The record does not show for what particular reasons the cause was continued, but it does disclose that at each particular time any action was taken in the case, the defendant was present, and at the time the last adjournment was taken not only appeared, but asked' for and obtained leave to file a cross bill of particulars, which was heard upon the trial of the cause. While we have held that one will not be held to have waived his right to have reviewed an objection made on special appearance, by, after such objection is overruled, filing an answer and making his defense, we do not think this rule should be carried so far as to hold that one may file a cross petition and make an affirmative case without waiving the jurisdiction of the court over his person. But the more serious proposition in this case is that the motion presented by defendant and on which the district court acted, did not raise any question as to the jurisdiction of the probate court. The record shows affirmatively that the subject-matter of the suit was one to recover upon a debt a sum of money less than one hundred dollars. We know as a matter of law that the court sitting with the powers and jurisdiction of a justice of the peace, had jurisdiction of the subject-matter of this action. It appears that the defendant made a general appearance to the action by demurring to the petition on the merits. Thus jurisdiction attached both of the subject-matter and of the person of the defendant. It is the general rule that a court of a justice of the peace is one of limited

and special jurisdiction, and no presumptions are entertained in favor of its jurisdction, but the records must show affirmatively that such court has jurisdiction of both the subject-matter and of the parties. But after jurisdiction of the subject-matter and of the parties attaches, the rule changes, and in all subsequent proceedings the same presumptions are indulged in favor of the regularity and validity of the proceedings of justices' courts as are extended to the superior courts of general jurisdiction. (*Jewett et al. v. Sundback,* 5 S. Dak. 111; *Goodwine et al. v. Barnett,* 2 Ind. App. 16; *Kane v. State,* 70 Md. 546; *Webster v. Daniel et al.,* 47 Ark. 131; *Baizer v. Lasch,* 28 Wis. 268; *Wright v. Warner et al.* 1 Douglas, [Mich.] 384; *Clague v. Hodgson,* 16 Minn. 291; *Vaule v. Miller,* 64 Minn. 485.)

The justice's record in this case affirmatively shows that the court obtained jurisdiction of both the subject-matter and the parties; its proceedings subsequent are presumed to have been for proper cause, and its action based upon proper grounds. The district court was required to presume that any adjournment or continuance had by the probate court was for good and sufficient cause. We have no statute as in some states, prohibiting a continuance in any event for more than a fixed period; the limit in our statute is only in special instances. The justice court has the power to continue cases, where not restricted, for any definite period, in the interests of justice. The justice may have been sick or disabled, one of the parties may have been unable to attend on the day of trial, or the court may have been engaged in the trial of other causes, and it is not the purpose of our law that a justice should lose the power to hear a case

unless tried at the time set, where some emergency or contingency not mentioned in the statute may arise to prevent a trial.

The proceedings of a justice of the peace may be erroneous, but the district court is not an appellate court to review errors in a case appealed from the probate court. It takes the case for trial *de novo* and tries it by the rules and procedure provided for justices' courts so far as applicable. The district court can only dismiss for want of jurisdiction, and can only look to the jurisdiction of the subject-matter and parties. If these were acquired at any stage of the proceedings, all presumptions must be indulged as to the regularity of all subsequent proceedings, and a motion will not lie to dismiss for want of jurisdiction for matters appearing upon the record, unless the record affirmatively discloses the fact that jurisdiction was lost. It follows from what we have said that the court erred in sustaining the motion to dismiss.

The judgment of the district court of Blaine county is reversed and the cause remanded, with directions to vacate the order dismissing the cause, overrule the motion to dismiss, and assign the cause for trial in due course, and that the defendant in error pay the costs of this appeal.

Beauchamp, J., who presided in the court below, not sitting; all the other Justices concurring.