## ANTENE v. JENSEN *et al.*

No. 4153. Opinion Filed May 4, 1915.

(148 Pac. 727.)

1. **CONTRACTS—Breach of Builder's Contract—Payment of Lien Claimants—Sufficiency of Petition.** A petition which alleges that plaintiff and defendant entered into two certain builders contracts, whereby the defendant contracted and agreed to build four certain houses at a stipulated price, and to furnish and pay for all the work and material necessary to the completion of such contract, and that said houses had been erected by defendant, and that plaintiff had paid to defendant the contract price, less a small balance, and that certain material and labor which went into the construction of said houses had not been paid for by defendant, for which valid liens had been filed upon said property, in excess of the balance due, and which plaintiff was compelled to pay, and alleges defendant's refusal to repay to plaintiff said amount, states a cause of action.

2. **COURTS—County Court—Jurisdiction—Pleading.** Where the county court has jurisdiction of the general class of actions to which a suit belongs, and has jurisdiction of the amount claimed, and to grant the principal relief demanded, the inclusion of other allegations in the petition which are merely incidental to the main case, upon which is founded a prayer for additional relief which is beyond the jurisdiction of the court to grant, does not divest jurisdiction of the entire cause, nor prevent the court from granting such relief as it may lawfully render consistent with the pleadings and the facts.

(Syllabus by the Court.)

*Error from Superior Court, Oklahoma County;*
*E. D. Oldfield, Judge.*

Action by Mary A. Antene against L. C. Jensen and another. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*Geo. J. Eacock* and *David N. Taylor*, for plaintiff in error.

*Jas. R. Lewis* and *Grant Stanley*, for defendants in error.

HARDY, J. On July 15, 1911, Mary A. Antene commenced an action in the county court of Oklahoma county

against L. C. Jensen and George Jensen for breach of two builders' contracts, and at the same time filed an affidavit for attachment, and caused same to be issued against the property of the defendant L. C. Jensen. On October 17, 1911, she filed in said cause an amended petition, in which she alleged that on March 6, 1911, plaintiff entered into a parol contract with the defendant L. C. Jensen for the construction of two frame houses at an agreed price of $930, and that thereafter, on May 15, 1911, she entered into a contract with said defendant to build two other certain houses at an agreed price of $1,017.75; that as a part of the terms and conditions of said contracts the defendant L. C. Jensen promised and agreed to furnish all the material for said houses, and do the work of construction of the same for the prices agreed upon; that said defendant had completed the work, and that plaintiff had paid therefor and for materials entering therein the sum of $1,890; that defendant L. C. Jensen committed a breach of said contracts in that he had failed to pay for materials furnished and work performed upon said buildings as follows: That the Minnetonka Lumber Company had furnished lumber and other materials which were used in the construction of said houses to the amount of $650.70, for which amount liens had been filed against plaintiff's property, and she was compelled to pay, and did pay, said amount to discharge her property from said liens; that the Ditmer Cement Block Company had furnished materials for the foundations of said houses to the amount of $27.50, for which a lien was filed against the property, and that by reason of the filing of these liens and the failure of defendant to pay for the material claimed she was compelled to pay, and did pay, the sum of $678.20. The petition further alleged that the defendant L. C. Jensen, with the fraudulent intent to hinder and to cheat plaintiff, and to delay and prevent her in the collection of said amount, had attempted to convey and transfer to

defendant George Jensen, without any consideration whatever of value, all his personal property, including farming utensils, and all other property, both real and personal, and that at the time of the attempted transfer of said property the defendant George Jensen had full knowledge of the facts, and the petition prayed judgment against the defendant L. C. Jensen in the sum of $678.20, and that plaintiff be subrogated to the rights of the lien claimants upon plaintiff's property, and that the conveyance from L. C. Jensen to George Jensen be set aside and held for naught, and the property conveyed thereby be subjected to the satisfaction of the judgment, and for all other proper relief.

To this amended petition an answer was filed on the 28th day of December, 1911, and on the same day the cause was transferred to the superior court of Oklahoma county, and in the said last-named court, on January 3, 1912, while answer was on file, a demurrer was filed to said petition; and on January 5, 1912, without withdrawing the said answer, the court made an order sustaining the demurrer and dissolving the attachment, and rendering judgment for defendant for costs. Plaintiff in error prosecutes an appeal from the order sustaining the demurrer and dissolving the attachment.

The demurrer to the amended petition challenged the petition on the grounds: (1) That the county court in which the amended petition was filed had no jurisdiction of the subject-matter of the action; (2) that several causes of action were improperly joined; and (3) that the petition does not state facts sufficient to constitute a cause of action.

The answer having been filed, and not withdrawn at the time the demurrer was filed, we shall not consider any questions presented by the demurrer other than those that challenged the jurisdiction of the court, and that the peti-

tion does not state a cause of action, as the filing of the answer would constitute a waiver of any other objections to the petition than those. *Bank v. Maddox,* 4 Okla. 583, 46 Pac. 563; *Ryndack v. Seawell,* 13 Okla. 737, 76 Pac. 170. The objection to the jurisdiction of the court, and that the petition does not state a cause of action, may be presented at any time, and therefore would not be waived by the filing of an answer. Section 4742, Rev. Laws 1910.

The objection that the petition does not state a cause of action is not good. The petition, in substance, alleges a building contract between plaintiff and defendant for the erection of four houses at a stipulated price, and an agreement upon the part of the defendant L. C. Jensen to furnish all of the material and labor necessary for the completion of said buildings according to the terms of the contract, and an agreement upon his part to pay for the same. It further alleges that said buildings have been completed, and that plaintiff has paid him upon the contract price the sum of $1,890, and alleges a breach of the contract by the defendant in that certain material to the amount of $678.20 has gone into the construction of said buildings for which defendant failed and neglected to pay, and for which valid liens had been filed against plaintiff's property, and which she was compelled to pay to the lien claimants by reason thereof; and further alleges that defendant and his son had entered into a fraudulent conspiracy to put his property beyond the reach of process of the court with the fraudulent intent to cheat, hinder, and delay the plaintiff in the collection of her debt by legal means, which she was attempting to do; all of which allegations are admitted by the demurrer to be true. Undoubtedly these facts constitute a cause of action in favor of plaintiff and against the defendants, and the petition was sufficient if the court had jurisdiction of this class of actions.

Jurisdiction is defined to be the power of courts and judicial officers to take cognizance of and to hear and determine the subject-matter in controversy between parties to a proceeding pending, and to adjust or exercise judicial power over them (*Twine v. Carey*, 2 Okla. 249, 37 Pac. 1098; *Myers v. Berry*, 3 Okla. 612, 41 Pac. 580; *Parker v. Lynch*, 7 Okla. 631, 56 Pac. 1082; *Bockfinger v. Foster et al.*, 10 Okla. 488, 62 Pac. 799) ; and it is immaterial whether the court can render the particular judgment prayed for; if it can hold the subject-matter in issue and determine the respective rights of the parties, it has jurisdiction to hear and determine the same, regardless of what the judgment under the law and the facts must be (*Bockfinger v. Foster et al.*, *supra*).

By section 12, art. 7, Const. (197 Williams' Ann. Const.), county courts are given jurisdiction concurrent with the district court in civil causes in any amount not exceeding $1,000, exclusive of interest, and clearly, in view of this provision, the county court had jurisdiction to hear and determine the plaintiff's complaint in so far as she sought personal judgment against the defendant, the amount demanded in her petition being less than $1,000; and in an action of that kind the county court also had jurisdiction, upon proper affidavit and bond being filed, to issue attachment against the property of defendant, and to hear and determine the truth of the alleged grounds of attachment, and, upon hearing same, either to sustain or dissolve the attachment issued in said cause.

No briefs have been filed by defendants in error, and their contention as presented to the court below is not apparent from the record, and we are unable to determine upon what grounds the demurrer was sustained to the jurisdiction of the court, unless it be by reason of the fact that in her petition plaintiff sought to have canceled the deed from the defendant L. C. Jensen to the defendant

George Jensen conveying his real estate in an attempt to prevent the collection of plaintiff's demand, and therefore this would oust the jurisdiction of the court upon the theory that it had no jurisdiction to order or decree a partition or sale of real estate not arising in its probate jurisdiction. Section 12, art 7, Const. (197 Williams' Const.).

While it is true the petition asked for this relief, yet it was only an incident to the principal relief demanded, to-wit, judgment for the sums expended by plaintiff by reason of defendant's breach of his contract, and we do not think the fact that this allegation was included in the petition would be sufficient to oust the jurisdiction of the court to grant the other relief prayed. Where a court has jurisdiction of the general class of actions to which the proceeding belongs, and has jurisdiction of the parties thereto, and has the power to grant the principal relief sought, we do not believe that the mere fact that other allegations are contained therein which are merely incident to the main case, upon which is founded a prayer for additional relief that is beyond the jurisdiction of the court to grant, would oust the jurisdiction of the court of the entire cause, nor prevent it from granting such relief as it might lawfully render, consistent with the pleadings and the facts in the case. 12 Ency. P. & P. 124; *Diblee et al. v. Davison*, 25 Ill. 486; *Atl. Tel. Co. v. Baltimore & C. R. R.*, 46 N. Y. Super. Ct. 377.

The judgment of the court below is reversed, and the cause is remanded.

All the Justices concur.