## MODEL CLOTHING CO. v. FIRST NAT. BANK OF CUSHING.

No. 8255—Opinion Filed Oct. 10, 1916.

(160 Pac. 450.)

### 1. Courts—"Jurisdiction."

Jurisdiction is the power of courts and judicial officers to take cognizance of and to hear and determine the subject-matter in controversy between parties to a proceeding pending, and to adjust or exercise judicial power over them.

### 2. Same—Jurisdiction—Waiver.

Parties cannot by consent or by stipulation invest a court with jurisdiction or power not authorized by law, and this rule applies to causes wherein the necessary jurisdictional amount is involved.

(Syllabus by Edwards, C.)

Error from County Court, Payne County; W. R. Jones, Judge.

Action by the First National Bank of Cushing against the Model Clothing Company and another. Judgment for plaintiff, and the defendant Model Clothing Company brings error. Reversed and remanded, with instructions to dismiss action.

Thomas A. Higgins and Sylvester J. Berton, for plaintiff in error.

John R. Hadley and Walter Mathews, for defendant in error.

Opinion by EDWARDS, C. This action was instituted in the county court of Payne county, by the First National Bank of Cushing, to recover the sum of $50, paid by said bank upon a forged check drawn upon said plaintiff bank and purchased by the defendant the Model Clothing Company, and by the Model Clothing Company cashed through the Farmers' National Bank of Cushing, the other defendant to the action. In the lower court judgment was rendered in favor of the plaintiff and against defendant Model Clothing Company, from which judgment appeal has been prosecuted to this court.

Several interesting questions are presented and discussed at length in the briefs of both the plaintiff and the defendant in error. The record, however, discloses that the suit was instituted in the county court of Payne county on the 4th day of November, 1914, and is for the sum of only $50. In this situation the county court, under the provisions of section 1816, Revised Laws 1910, did not have jurisdiction of the subject-matter of this cause. That part of the section limiting jurisdiction is as follows:

"The county court, coextensive with the county, shall have original jurisdiction in all probate matters and bastardy proceedings. and shall have concurrent jurisdiction with the district court in civil cases in any amount over two hundred dollars, and not exceeding $1000, exclusive of interest."

This section was recently construed by this court in the case of Musser v. Baker, 53 Okla. 782, 158 Pac. 442, in which it is held that the county court has no jurisdiction of actions where the amount involved is $200, or less, and, although both the plaintiff and the defendant in error have consented that this court may hear and determine the issues involved, jurisdiction for that purpose cannot be conferred by consent.

Jurisdiction is defined to be the power of courts and judicial officers to take cognizance of and to hear and determine the subject-matter in controversy between parties to a proceeding pending, and to adjust or exercise judicial power over them. Twine v Carey, 2 Okla. 249, 37 Pac. 1098; Parker v Lynch, 7 Okla. 631, 56 Pac. 1082; Bockfinger v. Foster et al., 10 Okla. 488, 62 Pac. 799; Antene v. Jensen et al., 47 Okla. 352, 148 Pac. 727.

In 11 Cyc. 673, the rule is stated as follows:

"Parties cannot by consent or by stipulation invest a court with jurisdiction or power not authorized by law or conferred upon it by the Constitution. This rule applies to jurisdiction of the cause of action or subject-matter, to causes wherein the necessary jurisdictional amount is involved * * *"—citing authorities.

See, also, Myers v. Berry, 3 Okla. 612, 41 Pac. 580, Beach v. Beach, 4 Okla. 359, 46 Pac. 514, wherein it is expressly held that jurisdiction of the subject-matter cannot be conferred by consent.

The cause is therefore reversed and remanded, with instructions to the lower court to dismiss the action for want of jurisdiction.

By the Court: It is so ordered.