## FEHR v. BLACK PETROLEUM CORPORATION et al.

No. 14062—Opinion Filed Oct. 14, 1924.

1. **Courts—Jurisdiction—How Questioned and Determined.**

The question of jurisdiction of the court of the subject-matter of the action is properly raised by motion to dismiss for want of jurisdiction, and even in the absence of such a motion, it is the bounden duty of the court to examine into its jurisdiction,

whether raised by any party or not, and sua sponte, to determine its own jurisdiction.

**2. Same—Definition.**

Jurisdiction is the power of courts and judicial officers to take cognizance of and hear and determine the subject-matter in controversy between the parties to a proceeding pending and to adjust or exercise judicial power over them.

**3. Corporations—Foreign Corporation—Petition for Receiver—Lack of Jurisdiction.**

Where plaintiff, a resident of the state of Ohio, being a stockholder of a corporation chartered under the laws of the state of Delaware, but owning gas and oil mining leases in Oklahoma, files his petition in the courts of this state, praying the appointment of a receiver of the property of the foreign corporation "until such time as he may file an action in the courts of the state of Delaware, to have the defendant corporation declared insolvent." this court will refuse to assume jurisdiction based solely upon such grounds.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Okmulgee County: Mark L. Bozarth, Judge.

Action by Frederick W. Fehr against Black Petroleum Corporation et al. Judgment for defendants and plaintiff appeals. Affirmed.

Fred M. Carter and C. M. Gordon, for plaintiff in error.

Keaton, Wells & Johnston and R. A. Hockensmith, for defendants in error.

Opinion by RUTH, C. This action was filed by the plaintiff in error, as plaintiff below, against the defendants in error, and from an order of the trial court sustaining the motion of the defendants to dismiss the plaintiff's petition for want of jurisdiction of the court of the subject-matter, the plaintiff appeals.

Plaintiff alleges in his petition that each defendant is a corporation created under the laws of the state of Delaware, and each is engaged in buying and selling oil and gas mining leases, developing oil and gas mining leases, and producing and selling crude petroleum and natural gas in the state of Oklahoma, and were engaged in the same kind of business, and prior to July 27, 1921, were competitive corporations, and were licensed to do business in the state of Oklahoma as provided by law. That the authorized capital stock of the Black Petroleum Corporation is 3,000,000

shares of the par value of $1 each. and 1,374,937 shares have been issued and sold, and E. R. Black owned about 1,000,000 shares of the stock issued, and on July 27, 1921, E. R. Black sold 982,000 shares of stock of the Black Petroleum Corporation to the defendant Noco Petroleum Company.

Plaintiff further alleges that on July 27, 1921, he was owner of 8,425 shares of the Black Petroleum stock, that the general offices of the Noco Petroleum Company are at 329 Broadway, New York, and the general offices of the Black Petroleum Corporation were, prior to July 27, 1921, in the city of Okmulgee, Okla., and since the last named date the offices of the Black Petroleum Corporation have been transferred and have ever since been at 329 Broadway, New York.

That the president, officers, directors and persons having the actual management and control of the business affairs of the Black Petroleum Corporation since July 27, 1921, are the officers, directors, and persons having actual control of the affairs of the Noco Petroleum Company, and in truth and in fact the Black Petroleum Corporation has been under the absolute control of the Noco Petroleum Company since July 27, 1921.

Plaintiff further alleges the sale and transfer of the majority of the stock issued by the Black Petroleum Corporation to a competitive corporation, to wit, the Noco Petroleum Company, was in violation of section 41, art. 9, of the Constitution of Oklahoma, and of section 8233, Rev. Laws 1910, and the sale thereof was illegal, null, and void, that the officers, directors, and persons who have been elected or appointed to have charge of the affairs and management of the business of the Black Petroleum Corporation since July 27, 1921, are the men who were elected or appointed by the Noco Petroleum Company, as the holder and owner of the said 982,000 shares of the stock of the Black Petroleum Company, and therefore all the acts of the said officers are null and void, and are in violation of the Constitution and laws of the state of Oklahoma.

Plaintiff further alleges the financial statement issued to the minority stock of the Black Petroleum Corporation shows a deficit or net loss to the corporation in the sum of $165,958.14, and such deficit was caused by the sale to the Black Petroleum Corporation of cheap and worthless oil and gas mining leases far removed from production at prices greatly in excess of their actual value, and greatly in excess of the cost or price at which the officers and managers purchased the same;

that the Black Petroleum Corporation has never paid any dividends and is insolvent; that it is being operated by its officers, they being the officers of the Noco Petroleum Company, solely for the benefit of the Noco Petroleum Company so that any losses sustained by the Noco Petroleum Company can be charged to the Black Petroleum Corporation, and any profits made by the Black Petroleum Corporation can be taken by the Noco Petroleum Company, and unless a receiver is appointed to take charge of the affairs and assets of the Black Petroleum Corporation and liquidate the same as an insolvent corporation under authority of the court, plaintiff and other minority stock holders of the Black Petroleum Corporation will suffer great and irreparable injury, damage, and loss.

Plaintiff then prays for a receiver to take charge of all the assets, books, and business of the Black Petroleum Corporation; that the Noco Petroleum Company be required to produce the books and accounts and assets of the Black Petroleum Corporation, and make an accounting of all the assets of the Black Petroleum Corporation coming under its control since July 27, 1921, Second, that the court decree the sale of 982,000 shares of the capital stock of the Black Petroleum Corporation by E. R. Black to the Noco Petroleum Company to be illegal, null, and void, and in violation of the Constitution and laws of the state of Oklahoma, and that by reason thereof the election and appointment of the officers, directors, and managers of the Black Petroleum Corporation since July 27, 1921, was illegal, null and void, and the salaries and expenses paid to such officers be declared a violation of law, and that a complete accounting be made. Plaintiff in his third prayer asks that the Black Petroleum Corporation be decreed insolvent, and for liquidation, embodying therein an alternative prayer that in the event the Black Petroleum Corporation cannot under the laws of this state be declared insolvent and liquidated and wound up, that it be declared insolvent and the receiver be authorized and directed to continue in charge of the assets and affairs of the Black Petroleum Corporation until such time as proper steps can be taken in the manner provided by law for the liquidation and winding up the affairs of the Black Petroleum Corporation, as an insolvent corporation.

The defendants appeared specially and filed their, "special appearance and objection to jurisdiction" in the following words:

"Comes now the Black Petroleum Corporation and appear specifically and for the purpose of this motion only and object to the jurisdiction of this court and move the court to dismiss this action for the reason that this court has no jurisdiction of the subject matter of this action."

From the judgments of the court sustaining the plea to the jurisdiction of the court of the subject-matter of the action, the plaintiff appeals, and assigns as error the court's refusal to appoint a receiver, and the dismissal of plaintiff's suit.

Plaintiff contends there is no such pleading known to our procedure as is filed by defendants; that the only pleadings allowed under the statute are, first, the petition; second, answer or demurrer by defendant; third, demurrer or reply by plaintiff; and, fourth, demurrer by defendant to the reply of the plaintiff.

The plaintiff's contention is without merit, as the motion of the defendants directly raises the question of the jurisdiction of the court over the subject-matter of the action, and the question can be raised at any stage of the proceedings, either by motion, or the court may, of its own motion, or whenever its attention is called to the fact, refuse to proceed further and dismiss the case. Model Clothing Company v. First Nat. Bank of Cushing, 61 Okla. 88, 160 Pac. 450.

It is the bounden duty of the court to examine into its jurisdiction, whether raised by any party or not, and sua sponte to determine its own jurisdiction, Howard et al. v. Arkansas et ux., 59 Okla. 206, 158 Pac. 437.

The fundamental question of jurisdiction, first of the appellate court, and then of the court from which the record comes, presents itself on every writ of error or appeal. and must be answered by the court, whether propounded by counsel or not. Defiance Water Company v. Defiance, 191 U. S. 184, 24 Sup. Ct. 63, 48 L. Ed. 140; Cutler v. Rae, 7 How. 729, 8 How. 615, Appx., 12 Law Ed. 890, 1221; McKinney v. Carroll, 12 Pet. 66, 9 L. Ed. 1002; Perez v. Fernandez, 202 U. S. 80, 26 Sup. Ct. 561, 50 L. Ed. 943; Mansfield C. & L. M. R. Co v. Swan, 111 U. S. 379, 4 Sup. Ct. 510, 28 L. Ed. 462; Bors v. Preston, 111 U. S. 252- 4 Sup. Ct. 407, 28 L. Ed. 419; Thomas v. Ohio St. University, 195 U. S. 211, 25 Sup. Ct. 24, 49 L. Ed. 164; Myers v. Berry, 3 Okla. 617, 41 Pac. 580; Cummings v. McDermid, 4 Okla. 272, 44 Pac. 276; Beach v. Beach, 4 Okla. 359, 399, 46 Pac. 514; Parlin v. Schram, 4 Okla. 651. 46 Pac. 490; Parker v. Lynch et al., 7 Okla. 650, 59 Pac. 1082; Rhyne v. Manchester Assurance Co.,

14 Okla. 555, 78 Pac. 558; Brown on Jurisdiction, section 10.

. The only question presented to this court is, Did the court have jurisdiction of the subject-matter? Jurisdiction has been defined by this court to be the power of courts and judicial officers to take cognizance of and to hear and determine the subject-matter in controversy between the parties to a proceeding pending, and to adjust or exercise judicial power over them, Model Clothing Co. v. First Nat. Bank of Cushing, supra; Twine v. Cary, 2 Okla. 249, 37 Pac. 1098; Myers v. Berry, 3 Okla. 612, 41 Pac. 580; Parker v. Lynch, 7 Okla. 631, 56 Pac. 1082; Bockfinger v. Foster et al., 10 Okla. 488, 62 Pac. 799; Antene v. Jensen et al., 47 Okla. 352, 148 Pac. 727; Apache State Bank v. Voight, 61 Okla. 254, 161 Pac. 214.

The petition of plaintiff alleges the defendant corporations are foreign corporations, being chartered under the laws of the state of Delaware, and licensed by the laws of Oklahoma to transact business in this state, that they are engaged in the same business and are competitive corporations, that the Black Petroleum Corporation has issued 1,374,937 shares of stock, and that E. R. Black sold to the defendant Noco Petroleum Company 982,000 shares of the Black Petroleum Corporation stock (this being a majority of the stock issued), and the Noco Petroleum Company now holds this stock, and the president, and all other officers of the Noco Petroleum Company, are now the officers of the Black Petroleum Corporation, and the officers of the Black Petroleum Corporation have been removed from Oklahoma to New York City, and are now located in the same room and building as the offices of the Noco Petroleum Company.

Section 41, article 9, Const. of Oklahoma, provides:

"No corporation chartered or licensed to do business in this state shall own, hold or control, in any manner whatever, the stock of any competitive corporation or corporations engaed in the same kind of business, in or out of the state, except such stock as may be pledged in good faith to secure bona fide indebtedness acquired upon foreclosure, execution sale, or otherwise for the satisfaction of debt. In all cases where any corporation acquires stock in any other corporation, as herein provided, it shall be required to dispose of the same within 12 months from the date of acquisition; and during the period of its ownership of such stock it shall have no right to participate in the control of such corporation, except when permitted by order of the corporation commission."

Obviously the petition alleges a violation of the Constitution of this state, but, is it such a violation as may be taken advantage of by a minority stockholder and entitle him to have a receiver appointed to take charge of the books, accounts, and assets of the offending corporation?

Section 11030, Comp. Stat. 1921 (sec. 8233, Rev. Laws 1910), provides:

"Every corporation which shall own, hold, or control, in any manner whatever, the stock of any competitive corporation or corporations, engaged in the same kind of business, in or out of this state, in violation of the Constitution and laws of this state, shall forfeit its charter or license to do business in this state, and shall be subject to a penalty of not less than $1,000 nor more than $10,000 to be recovered at the suit of the state in any court of competent jurisdiction."

This court in Ex parte Cain, 20 Okla. 125, 93 Pac. 974, said:

"Prohibitive and restrictive provisions of the Constitution are self-executing if they may be enforced by the court independent of statutory enactment."

Nevertheless, while a constitutional provision is "self executing" if it supplies sufficient rules by means of which the right given may be enjoyed and protected, it is not "self-executing" where it merely indicates principles without laying down rules by means of which such principles may be given force by law. State v. Scales, 21 Okla. 683, 97 Pac. 584.

We are perforce impelled to the belief that the Legislature, realizing the futility of an attempted enforcement of section 41, art. 9, sought to vitalize the same by passing the act of 1907-8, providing a penalty to be recovered at the suit of the state for a violation of this prohibitive section of the Constitution, but this remedy is available only in a suit brought by the state through its proper officers, and is not available to the individual, though perchance he be a stock holder of the corporation.

In Myatt v. Ponca City Land & Improvement Co., 14 Okla. 189, at p. 215, 78 Pac. 192. this court said:

"When a person empowered to transfer title to real estate conveys the same to a corporation, the title passes from him, and whether rightfully or wrongfully, must be vested in the corporation, and it does not lie with him or any one else claiming through or under him to dispute the right of the corporation to receive the same. In such case, the state alone may question the right of the corporation to take and hold the title."

The right of E. R. Black to dispose of his stock in the Black Petroleum Corporation is unquestioned, and its possession and ownership cannot, like Mohammed's coffin, be suspended in midair, but must rest somewhere, and be vested in some person, and if it finally finds lodgment in one who is prohibited by the Constitution of the state from acquiring and holding it, the state alone can object through its proper officers, in the absence of any constitutional or statutory right conferred upon the individual to maintain an action to divest the offending corporation of the stock so illegally held.

The law making no provision for the appointment of a receiver for a corporation whose stock has been acquired by a competitive corporation in violation of the Constitution, the plaintiff is without remedy in the courts of this state, in so far as the appointment of a receiver for the Black Petroleum Corporation is concerned.

True it is a receiver may be appointed by the court for a corporation which has forfeited its corporate rights.

Section 518, Comp. Stat. 1921, provides:

"A receiver may be appointed by the Supreme Court, the district or superior court, or any judge of either, or in the absence of said judge from the county, by the county judge *** in the cases provided in this code, and by special statutes, when a corporation has been dissolved, or is insolvent, or imminent danger of insolvency, or has forfeited its corporate rights."

The Black Petroleum Corporation never having been dissolved, nor its corporate rights. in this state having been declared forfeited by any court of competent jurisdiction, the plaintiff could prevail if at all, upon the ground of its "insolvency" or imminent danger of insolvency.

Plaintiff wholly abandons his position with reference to the jurisdiction of the courts of this state to appoint a receiver of the property of a foreign corporation and wind up its affairs as an insolvent corporation, and admits the court is without jurisdiction, and it is therefore unnecessary to consider this phase of the case.

Plaintiff insists, however, that the courts of Oklahoma have jurisdiction to appoint a receiver within the state of Oklahoma to the end that the property may be saved from dissipation and waste until such steps could be taken in the manner provided by law for winding up the affairs of the Black Petroleum Corporation as an insolvent concern, and further admits this can only be done through the courts of the state of Del-

aware, where the corporation was created.

The statute prescribes the cases in which a receiver may be appointed in this state, and the acts of omission or commission on the part of the corporation authorizing the appointment of receivers, and counsel fails to direct our attention to any authority sustaining his contention.

The judgment of the trial court was rendered on the 27th day of October, 1922, and certainly ample time has elapsed since that date within which the plaintiff could have pursued his remedy and protected his rights in the courts of the state of Delaware.

There is no allegation in the petition, or showing at the hearing in the lower court, that plaintiff has ever filed, or intended to file, an action in the courts of the state of Delaware, praying the appointment of a receiver, and it would be an extremely dangerous and hazardous proceeding, and subversive of the rights of the other stockholders, to appoint a receiver of the corporation in this state, subject to the pleasure or whim of a nonresident stockholder to file his petition in the courts of the state of Delaware.

Rarely if ever will the courts of one state appoint a receiver for a corporation organized under the laws of a sister state, and especially is this true where the courts of such other state are open to the complaining party, who has failed to file proceedings in the proper forum.

The general rule laid down in Fletcher Cyclopedia Corporations, section 5786, is as follows:

"It is a well settled principle that the courts of a state or country have no visitorial power over foreign corporations. Such power belongs exclusively to the state or country by which the corporation was created. The courts of a state or country, therefore, have no jurisdiction to interfere. by injunction or otherwise, in the management of the internal affairs of a foreign corporation, even at the suit of a resident holder, and even though the corporation may be doing business in the state or country and may have expressly or impliedly agreed to submit to the jurisdiction of the court in suits against it. The rule applies even though the corporation has a large amount of visible, tangible property within the state. As a general rule, the courts of one state will not exercise the power of deciding controversies relating merely to the internal management of the affairs of a corporation organized under the laws of another state or of determining rights dependent upon such management. Questions relating to the management of the internal affairs of a foreign corporation are to be

settled by the tribunals of the state which created the corporation."

The principle there laid down is supported by numerous cases, among which may be found the following: State ex rel. Minne. Mutual Company v. Denton, 138 Am. St. Rep. 417; Parks v. U. S. Corp., 140 Fed. 160; Gregory v. N. Y. L. E. & W. R. Co., 40 N. J. Eq. 38; Jackson v. Hooper, 76 N. J. Eq. 592, 27 L. R. A. (N. S.) 658; Richardson v. Clinton Wall, etc., 181 Mass. 580, 64 N. E. 400; Smith v. Mutual Life Insurance, 14 Allen, 336; In re Culver Estate, 145 Iowa, 1, 25 L. R. A. (N. S.) 384; Madden v. Penn. Elect. Lt. Co., 38 L. R. A. 638; Ederhard v. N. W. Mutual Life, 210 Fed. 520.

In Tardy's Smith on Receivers, p. 813, citing Penn Steel Company v. N. Y. City R. R. Co., 198 Fed. 721, it is held:

"Courts of equity have, in the absence of statutory authority, been unwilling to appoint receivers of corporations in liquidation proceedings at the instance of private suitors, lest they should by indirection accomplish all the practical consequences of a technical dissolution of the corporation."

In the case under consideration the plaintiff lived in the state of Ohio, and prays the courts of Oklahoma to appoint a receiver for the Black Petroleum Company, a Delaware corporation, until such time as he can file his petition for a receiver, and to wind up its affairs as an insolvent corporation. True it is that a plaintiff may select the forum in which to try his cause, and may obtain relief provided the court so selected has jurisdiction of the parties and the subject-matter, and it is apparent that a plaintiff, living in Ohio, acting in absolute good faith, which it not questioned in this opinion, might as readily file his action in Delaware as in Oklahoma, and sufficient time having elapsed since the original filing of this action in the trial court, within which plaintiff might have filed his petition in the state of Delaware, and there being no litigation pending in that state, requiring action by the courts of this state to preserve the assets of the defendant corporation, and no statutory authority existing whereby authority is conferred upon the courts of this state to appoint a receiver of a corporation until plaintiff can file an action in the proper state, this court will decline to assume jurisdiction of the subject-matter, upon the ground urged, and the judgment of the trial court should be affirmed.

By the Court: It is so ordered.