## EMMA KING v. W. R. THOMPSON.

1. PUBLIC LANDS—*Townsite Trustees—Findings Reviewed Only on Proper Appeal.* Townsite trustees appointed under the act of congress of May 14, 1890, relating to townsites in Oklahoma, in the discharge of their duty bear the same relation to the disposition of town lots, that registers and receivers do to the disposal of public lands, and their decisions on controverted questions of fact are conclusive and can only be reviewed on appeal to the proper departmental officers.

2. COURT OF EQUITY—*When Aid May Be Invoked.* A court of equity will only interfere to prevent injustice and wrong after the matter has been finally determined in the land department, by reason of a misapplication of law to the facts found by such officers, or on account of fraud or imposition.

3. PETITION—*Insufficient, When.* A petition which seeks to charge the holder of the legal title, as a trustee for the petitioner for a town lot awarded and conveyed by a townsite board under the provisions of the act of May 14, 1890, and which fails to show that any fraud or any imposition was practiced on the board by the prevailing party and which fails to set out the findings of fact upon which the board made the award, does not state such facts as to give a court of equity authority to hear and determine any question determined by the townsite board, and it is not error to sustain a demurrer to such petition. The townsite trustees are required to pass upon controverted questions of fact, between adverse claimants to lots, and for errors of judgment on the weight of the evidence, the only remedy is by an appeal to their superiors in the land department, and the courts will not exercise any jurisdiction over such questions unless it is made clearly manifest that some fraud or imposition was practiced, which occasioned a conclusion different from what it would otherwise have been.

*Error from the District Court of Oklahoma County.*

*J. A. Wilson*, for plaintiff in error.

*J. H. Everest*, for defendant in error.

The opinion of the court was delivered by

BURFORD, J.: This is a suit in equity by Emma King to have the defendant, Thompson, declared a trustee for her and to direct the conveyance to her of lot No. 16, in block No. 6, in South Oklahoma City. She alleges in her petition that she is a native born citizen of the United States, over twenty-one years of age; that she became a citizen of Oklahoma Territory and a resident of South Oklahoma City on the 31st day of January, 1890; that she was not in the territory prior to the 22d day of April, 1889; that the quarter section of land embracing said lot was entered by a board of townsite trustees, appointed by the honorable secretary of the interior under the provisions of the act of May 14, 1890, relating to townsites in Oklahoma; that prior thereto she purchased from one H. H. Lechner the lot in controversy; that at the time of her said purchase he was the occupant and in possession of said lot; that, in pursuance of said purchase, she went into peaceable possession of said lot and has continued to occupy and reside upon the same and has made valuable improvements thereon; that she filed her application with the townsite trustees for said lot and complied with all the rules and regulations prescribed by the land department in reference thereto. She further alleges that the defendant, W. R. Thompson, also filed application with said townsite board for the lot in controversy and that the rights of said claimants were presented to the townsite board, and that, after hearing the evidence of both parties as to their residence, occupancy and improvements, the said board awarded the lot in question to the defendant, Thompson. She further alleges that said board, in

making said award to Thompson, disregarded their duties and instructions in deciding adversely to her, and that her evidence before said board showed that she was a qualified claimant for the lot, entitled to take and hold land in Oklahoma and that she was the first legal settler upon the said lot and that the defendant, Thompson, had in no way occupied or improved said lot prior to her occupancy thereof; and she prays that the deed issued to Thompson shall be declared by the court to be held in trust for her, and that she be decreed the legal owner of the lot and Thompson be directed to execute a deed of conveyance to her. A demurrer was filed to this petition upon the grounds that it did not state facts sufficient to constitute a cause of action. The court sustained the demurrer and, the plaintiff refusing to plead further, judgment was rendered for the defendant. From this judgment plaintiff appeals, and assigns as errror the sustaining of the demurrer to her petition. The plaintiff in error has furnished no brief in this case. An examination of the record fails to disclose any error on the part of the trial court.

In order to afford the plaintiff any relief under her petition it will be necessary for the court to review the proceedings of the townsite board and pass upon the questions of fact, which were properly determinable by that tribunal.

We held in the case of *Twine v. Carey*, 2 Okla. Rep. 249, 37 Pac. 1096, that:

"Townsite trustees, appointed under the act of May 14, 1890, bear the same relation to the disposition of town lots that registers and receivers do to the disposal of public lands, and their decisions on questions of fact are conclusive and will not be inquired into, except on appeal to the proper departmental officers. A court of equity will only interfere to prevent injustice from being done after final judgment by reason

of fraud, accident or mistake or misapplication of the law."

It has been repeatedly held by the supreme court of the United States that the courts will not exercise any supervisory powers over the decisions of the officers of the land department, on mere questions of fact, presented for their determination, and that it is only when those officers have misconstrued the law, applicable to the case, as established before the department, and thus denied to parties rights which under a correct construction would have been conceded to them, or, where misrepresentations and fraud have been practiced necessarily affecting their judgment, that the courts can, in proper proceedings, interfere and refuse to give effect to their action. (*Quinby v. Conlen*, 104 U. S. 420; *Johnson v. Towsley*, 13 Wall. 72; *Shipley v. Cowan*, 91 U. S. 330; *Moore v. Robbins*, 96 U. S. 535.)

In the case of *Quinby v. Conlen*, 104 U. S. 420, Justice Field in delivering the opinion of the court, said:

"But, independently of this conclusion, there is a general answer to the alleged erroneous rulings of the officers of the land department, as grounds for the interference of the court. Those rulings were upon mere matters of fact, or upon mixed questions of law and fact, which were properly cognizable and determinable by the officers of that department.

"The laws of the United States prescribe with particularity the manner in which portions of the public domain may be acquired by settlers. They require personal settlement upon the lands desired, and their inhabitation and improvement, and a declaration of the settler's acts and purposes to be made in the proper office of the district, within a limited time after the public surveys are extended over the lands. By them a land department has been created to supervise all the various steps required for the acquisition of the title of the government. Its officers are required to receive, consider and pass upon the proofs furnished as to the alleged settlements upon the lands, and their improvement, when pre-emption rights are claimed,

and, in case of conflicting claims to the same tract, in hear the contesting parties. The proofs offered to compliance with the law are to be presented in the first instance to the officers of the district where the land is situated, and from their decision an appeal lies to the commissioner of the general land office, and from him to the secretary of the interior. For mere errors of judgment, as to the weight of evidence on those subjects, by any of the subordinate officers, the only remedy is by appeal to his superior of the department. The courts cannot exercise any direct appellate jurisdiction over the rulings of those officers, or of their superior in the department, in such matters, nor can they reverse or correct them in a collateral proceeding between private parties. It would lead to endless litigation and be fruitful of evil if a supervisory power were vested in the courts over the action of the numerous officers of the land department on mere questions of fact presented for their determination."

It is well settled that the misconstruction of the law by the officers of the department which will authorize the interference of the court, must be clearly manifest, and not alleged upon a possible finding of the facts from the evidence different from that reached by such officers, and where fraud and misrepresentation are relied upon as grounds for the interference of the court, they should be stated with such fullness and particularity as to show that they must have necessarily affected the action of the officers of the department. Mere allegations of fraud and misrepresentation will not suffice. (*United States v. Atherton*, 102 U. S. 372.)

In *Baldwin v. Starks* 107, U. S. 463, the law is clearly stated as follows:

"It has been so repeatedly decided in this court in cases of this character that the land department is a tribunal appointed by congress to decide questions like this, and when finally decided by the officers of that department, the decision is conclusive if erroneous as regards all questions of fact, that it is useless

·to consider the point further.    When fraud or imposition has been practiced on the party interested, or on the officers of the law, or, where these latter have clearly mistaken the law  of the case applicable to the facts, courts of equity may give relief, but they are not authorized to re-examine into a mere question of fact dependent on conflicting evidence and to review the weight which those officers attached to such evidence."

See also, *Jeffords v.  Haines*, 11 Pac. p. 352; *Plummer v. Brown*, 12 Pac. 464.

There is no allegation in the petition in this case that any fraud was  practiced upon the townsite board, or that they were mislead by any misrepresentations or imposition of the defendant.    The facts alleged in the petition do not bring the case within the rule laid down in the authorities, sufficiently to give a court of equity authority to  interfere with the decisions of the townsite board.    If the townsite board decided the case wrongfully under the evidence before it, the plaintiff had her remedy by appeal to the commissioner of the general land office, and, if not there satisfied, by an appeal to the secretary of the interior.    The law has furnished an ample remedy, and where one has an  ample remedy at law and fails to avail himself of it a court of equity will not give him relief.

The judgment of the district court is affirmed.

All the Justices concurring.