## ALLEN J. ACERS v. WARREN K. SNYDER.

### (Filed Aug. 26, 1899.)

1. PUBLIC LANDS—*Findings by Secretary of Interior—Review*. The findings of the secretary of the interior in a contested lot case upon controverted questions of fact a:e conclusive, and will not be disturbed or reviewed by the courts.

2. SAME—*Evidence—Presumption*. In the absence of the evidence upon which the secretary based his find:ngs in a lot contest case, the court will presume that there was legal, competent, and relevant evidence to support each finding, although there may have been incompetent evidence before the secretary.

3. SAME—*Review—Motion—Notice*. Notice of a motion for review of a decision of the secretary of the interior before that officer need not be ·served on the attorney of record of the adverse party. Service of notice upon the party himself is sufficient.

4. PUBLIC LANDS—*Proceedings Before Secretary*. The proceedings before the secretary in matters pertaining to the disposal of the public lands are not void by reason of failure to give notice to interested parties. The secretary has power to determine all such matters on his own motion, and mere irregularities will not render such proceedings void.

(Syllabus by the Court.)

*Error from the District Court of Noble County; before B. T. Hainer, District Judge.*

*S. H. Harris* and *C. A. Morris*, for plaintiff in error.

*Thomas H. Doyle* and *Lewis & Snyder*, for defendant in error.

Action by Warren K. Snyder against Allen J. Acers. Judgment for plaintiff. Defendant brings error. Affirmed.

Opinion of the court by

BURFORD, C. J.: This is an action in ejectment, brought by Snyder against Acers to obtain lot 44 in block 12 in the city of Perry. Snyder alleges in his petition that he is the owner of said lot, and entitled to the possession thereof, and that the defendant, Acers, unlawfully keeps him out of possession. He further avers that he obtained his title through a deed executed to him by the townsite trustees for the city of Perry, appointed by the secretary of the interior, and he makes the deed an exhibit to his petition. In a second cause of action he demands an accounting and judgment for rents and profits. Acers answered by a general denial, except that he admitted that Snyder was the holder of the legal title to said lot. He also set up in an amended cross-petition that he was an original settler on said lot, and a contestant therefor before the several branches of the land department, and that the secretary of the interior had finally awarded the lot to Snyder; but that by mistake and misapplication of law the secretary had awarded the lot to Snyder, when it should have been awarded to him, and he asked to have a resulting trust declared.

In a second cause of action, by way of cross-petition, Acers attempted to set up a claim for the value of his improvements under the occupying claimant's act. In this cause of action he based his claim for aid of the occupying claimant's act on the allegation that the lands of which this lot is a part are Indian lands lying in this Territory. Snyder interposed a demurrer to the amended cross-demands, and it was sustained. Snyder then dismissed his cause of action for rents and profits,

and moved for judgment on the pleadings, which was given in his favor. A new trial was granted as matter of right, and cause continued until another term. At the next term motion was again made by Snyder for judgment in his favor on the pleadings, which was granted. Acers appeals.

We would be warranted in the exercise of a sound discretion in dismissing this case without a consideration of the alleged errors. The brief for plaintiff in error contained numerous and divers assertions and statements as to the rules of the interior department, the practice in land cases, and the law governing such proceedings; but we are cited to no rules, nor are we advised where the law contended for may be found. While it is true that courts are presumed to know the law, they only know it in fact by searching the books and advising themselves as to what the law is in any particular case. It is the duty of counsel who present a case to this court not only to state correct propositions of law applicable to the case they present, but also to point out in the brief where the court may find the law contended for. And where counsel fail to do this, courts are under no obligation to perform such duty for them. And when such conditions are found to exist the courts may properly, and ordinarily should, dismiss the cause without examining into the merits of the case.

The first cause of action in defendant's cross-petition is based upon the alleged errors of the secretary of the interior in dealing with his contest for said lot. The pleading is voluminous, and, but for the want of two or three material omissions, would be sufficient to warrant a hearing on the matters complained of. One of

the contentions is that, after the secretary of the interior had rendered a decision in his favor, awarding him the lot in question, Snyder filed a motion for review, notice of which was not served on his attorney of record, and that without such notice the secretary was without jurisdiction, and that the last order was void. The allegation upon which he bases this contention is not sufficient. It may be true that no notice of the motion for review was served on his attorney of record, and yet, if the notice was served personally on Acers, it would be sufficient. He does not allege that he had no notice of the motion. Nor is the conclusion correct that the secretary of the interior would be without jurisdiction in the absence of a notice to an adverse party. It would evidently be error to proceed to hear a contested matter without notice to all parties in interest; yet the secretary of the interior has authority and jurisdiction on his own motion to review any decision pertaining to disposal of the public lands up to the time patent issues, and his action would not be void in such case, even though no notice was given until the final decision was reached.

The principal contention urged by Acers in support of his cross-petition is that improper evidence was considered by the secretary in determining his final decision on the motion for review. Depositions had been taken by Snyder, and used on the trial. Objections were made to these depositions on several technical grounds, to the effect that the envelope was not properly indorsed, that the commission was not in proper form, and that the time and place were not properly designated. These objections were passed upon by the department, and the depositions considered. The land department was the

proper tribunal to construe its own rules of practice, and, as we have neither been cited to the rules or any decisions of the department affecting these matters, we will presume that the officers of the department properly decided these matters. It appears from the decision of the secretary that there was conflicting evidence on each of the material questions to be determined in the contest, and it is a well-settled rule that the decisions of the land department upon controverted questions of fact are final and conclusive, and courts will not inquire into nor review them. The evidence upon which the case was before the department is not made an exhibit to the cross-petition, and, in the absence of such evidence, this court will presume that there was some competent, legal, and relevant evidence in support of every finding made by the secretary of the interior; and where there was some competent evidence the court will not presume that the secretary was influenced by incompetent evidence, although it may have been before him. The allegations of the first cause of action in the cross-petition are not sufficient to warrant the court in setting aside a decision of the land department.

The second affirmative defense or cause of action in the cross-petition was insufficient to entitle the defendant to the benefit of the occupying claimant's act. This court will take judicial notice of the fact that the city of Perry is located upon land reserved for county-seat purposes, and that it was land belonging to the United States on and prior to September 16, 1893. It was not Indian land, as contemplated by our statute, and the allegation in the cross-petition that the lot in question was settled upon by defendant as Indian land cannot

be made the basis for claiming the value of his improvements. There was no error in sustaining the demurrer to the cross-petition.

It is next contended that the court erred in giving judgment on the pleadings. The only pleadings presenting any question of fact are the petition, alleging ownership in Snyder, and right to possession, and the general denial of the defendant, in which he admits that the title to the lot is in Snyder. Title *prima facie* entitles the holder to possession. If the defendant was not in possession, he should have disclaimed. If he was in possession, and claimed any right to retain same, the burden was on him to plead it and show it. Snyder's petition was based on the original deed from the government through its trustees. There could be no paramount title, and, if the defendant had the right to occupy the land as against the owner of the fee, he should have in some manner made known to the court his desire to make such proof. While there may have been an irregularity in rendering judgment in this manner, yet, under all the facts pleaded and the admissions made by the defendant, no prejudicial error was committed by the court in rendering judgment on the pleadings. The judgment of the district court is affirmed, at the costs of the plaintiff in error.

Hainer, J., having presided in the court below, not sitting; all of the other Justices concurring.