122 N. W. 332.

---

FRANK N. FORMAN v. SIMON P. HEALEY.

Opinion filed June 5, 1909.

**Public Lands — Receiver's Receipt — Vested Right.**

1. Issuing a filing receipt does not constitute a contract between the applicant and the United States, and he obtains no vested right to the land filed upon.

**Public Lands — Contest — Jurisdiction — Notice.**

2. The Land Department had power to order a hearing as to the rights of the parties to the land in controversy, and it was not error for the local land officers to refuse to dismiss the hearing on the grounds of the insufficiency of the affidavit and notice of hearing when both parties appeared and took part in the proceedings.

**Public Lands — Cancellation of Entries.**

3. The Commission of the General Land Office has power to cancel an entry.

**Public Lands — Decision of Land Commissioner Conclusive.**

4. The decision of the Land Department upon controverted questions of fact involved in the cancellation of an entry, and in awarding the land to the party entitled thereto, is final and conclusive and binding on the courts, provided the parties interested have been heard, or have had an opportunity to be heard.

**Public Lands — Cancellation — Disregard of Rules.**

5. Disregard of rules, if any, which does not result in the denial of the right or in the loss of an opportunity to be heard, will not affect the decision.

Appeal from District Court, Richland County, *Frank P. Allen,* J. Action by Frank N. Forman against Simon P. Healey. Judgment for defendant and Plaintiff appeals. Affirmed.

*Ink & Wallace,* for appellant.

Jurisdiction is not cured by a general appearance after special appearance to object to jurisdiction. Harkness v. Hyde, 25 L. Ed. (U. S.) 237; Milne v. Dowling, 4 L. D. 379; Chesley v. Rice, 16 L. D. 120; Ellsworth Trust Company v. Parramore, 48 C. C. A 132; Central Grain et., Exchange v. Board of Trade, 60 C. C. A. 302.

Notice of final proof must cite adverse claimant. Reno v. Cole, 15 L. D. 174; cited with approval in Andrew Davis, 18 L. D. 525; Findley v. Ford, 11 L. D. 172; Tuttle v. Parkins, 9 L. D. 495.

Permission to cross-examine final proof claimant and his witnesses should be allowed. 3 L. D. 112; Langford v. Butler, 20 L. D. 76; 5 L. D. 178; Manderfield v. McKinsey, 2 L. D. 580; A. & P. R. R. Co. v. Forrester, 1 L. D. 481; Vasquez v. Richardson, 10 C. L. O. 391; Sorenson v. Robinson, 3 L. D. 276; Brady v. Southern Pac. R. R. Co., 5 L. D. 407; United States v. Fernandez, 6 L. D. 379.

It is error for the Interior Department to disregard rules of practice. Peters v. U. S., 2 Okl. 116; U. S. v. Symonds, 30 L. Ed. 557; U. S. v. Bailey, 9 Pet. 238; U. S. v. Eliason, 16 Pet. 291; Aldrige v. Williams, 3 How. 9; Gratiot v. U. S., 4 How. 80; Ex Parte Reed, 25 L. Ed. 538; Smith v. Whitney, 29 L. Ed. 601; U. S. v. Boggs, 31 Fed. 337; U. S. v. Eaton, 12 L. Ed. 764.

*Chas. E. Wolfe,* for respondent.

A general, after a special appearance, confers jurisdiction. Miner v. Francis, 3 N. D. 549, 58 N. W. 343; Converse v. Warren, 4 Iowa 158; Ferris v. Ferris, 89 Ill. 452; Sargent v. Flaid, 90 Ind. 501; Bankers Life Assn. v. Shelton, 84 Mo. App. 634; Dyas v. Keaton, 3 Mont. 495; Boon v. Roberts, 1 Tex. 147; Tallman v. McCarty, 11 Wis. 401; Eddy v. LaFayette, 1 C. C. A. 441.

Findings of Interior Department as facts are conclusive upon the courts. U. S. v. N. P. Ry. Co., 37 C. C. A. 290; Unita Tunnel Co. v. Creede Mining Co., 57 C. C. A. 200; Bertwell v. Haines 63 Pac. 702; Hartwell v. Havighorst, 66 Pac. 337.

CARMODY, J. This action is brought by Frank N. Forman, appellant, against Simon P. Healey, respondent, to declare Healey to hold title for Forman to certain lands, described as follows, towit: the E. ½ of the S. E. ¼ of section 35 in township 133 of range 48 W., Fargo Land District, N. D., and that he be decreed and required to transfer the same to Forman. The title to the land in question is patented from the United States government to defend-

ant and respondent. At the commencement of the trial defendant and respondent objected to the introduction of any evidence as follows: "The defendant objects to the introduction of any evidence under the complaint in this action upon the following grounds: First, that the complaint shows upon its face that all the material matters therein alleged to have been fully and finally tried, determined and adjudicated between the same parties, with reference to the same subject matter in another and different tribunal having full jurisdiction of subject matter and parties, to-wit, the Department of the Interior of the United States Government. Second, that the complaint fails to state facts sufficient to constitute a cause of action against the defendant particularly in this, construing these portions of the complaint which, on their face, show conclusively the former adjudication mentioned in the first ground, there are no allegations of any facts constituting or tending to show any right of action in the plaintiff as against the defendant." The trial court made findings of fact and conclusions of law, and ordered judgment in favor of defendant, Simon P. Healey, dismissing the action and adjudging him to be the absolute owner of the land in question. Judgment was entered accordingly, from which judgment plaintiff appealed. A review of the entire case is demanded in this court.

The facts in the case are as follows: That on the first day of May, 1896, the respondent herein tendered his homestead application to the United States Land Office at Fargo, N. D., within the jurisdiction of which land office the land in controversy then was, to enter said land as a homestead, alleging settlement thereon prior to May 1, 1896. On the 4th day of May, 1896, the appellant herein tendered his homestead application to enter said land at said land office, under the homestead laws, alleging in said application settlement thereon prior to April 1, 1896. That both parties were qualified homestead entrymen. That on October 1, 1896, pursuant to notice issued by the officers of said land office at Fargo, a hearing was had between appellant and respondent upon the question of priority of settlement upon said land. That upon said hearing the register of the local land office at Fargo decided in favor of the appellant. That thereafter an appeal was taken from said decision by the respondent herein to the Commissioner of the General Land Office at Washington, D. C., which appeal was decided in favor of respondent and against appellant. That thereafter an appeal was taken to the Secretary of the Interior from the decision of the said com-

missioner, and his decision was reversed, and he was directed to allow appellant, Forman, to enter the land in controversy subject to further compliance with the law. That said decision was dated February 7,, 1899. On March 17, 1899, respondent Healey, filed a motion for rehearing in said case, alleging that Forman had wholly abandoned the land since the original hearing. On April 11, 1899, the motion of said Healey for a rehearing was denied by the Secretary of the Interior, for the reason that the matter of the abandonment was not before the department when the former decision was rendered, in which decision the Secretary of the Interior used the following language: "The latter's claim (meaning Forman's) depends solely upon his prior settlement, and the department awarded him preference right of entry upon that ground. It was therefore incumbent on him to comply in good faith with the settlement laws pending the final determination of this controversy." He also used the following language: "That this action does not preclude your office (meaning the Commissioner of the General Land Office) from directing an inquiry for the purpose of determining this charge."

On the 20th day of April, 1899, the Commissioner of the General Land Office notified the register and receiver at Fargo, N. D., of the decision of the Secretary of the Interior denying the motion of respondent, Healey, for a review of the decision of February 7, 1899, and the said case was accordingly closed, to notify the parties in interest and Forman that he would be allowed thirty days within which to perfect his application to said land. That on the 27th day of April, 1899, appellant, Forman, made his homestead filing on said land at the land office at Fargo, N. D., and received from the register and receiver thereof a filing receipt and paid the fees for said filing. On the 29th day of April, 1899, the Commissioner of the General Land Office, in a letter to the register and receiver of the local land office at Fargo, N. D., in reference to the decision of the Secretary of the Interior denying the motion for review made by respondent, Healey, used the following language: "Said decision was promulgated on a blank form and your office directed to notify Forman that he would be allowed thirty days within which to perfect his application for the land therewith returned. Said action of this office is hereby recalled to the extent of allowing Forman to perfect his application for the land. In event you have not carried out the instructions of this office you will now notify said Forman that he will

be allowed to apply to perfect his application, and in the event that he so does, you will order a hearing on the charge made by Healey and his affidavit is herewith returned as a basis of the same. In the event Forman has perfected his application, you will order a hearing on the charge of Healey, if you are convinced the same should be had to further the ends of justice."

That on May 8, 1899, the register and receiver of the said land office at Fargo cited both appellant and respondent to appear before them on June 20, 1899, to offer testimony touching the allegations contained in the said notice of hearing, which is in substance as follows: "On March 17, 1899, Simon P. Healey having filed affidavit, fully corroborated, alleging: That he is well acquainted with the land in question and has known the same for the last 12 years; that he knows the present condition of the same; that he made a bona fide settlement upon said land on May 1, 1896, and has followed the same by residence and cultivation; that he has a house upon said land 12x16 and a barn 10x16 and nine acres of said tract under cultivation; that, since the date of said settlement, he has never abandoned said land, and has resided upon, cultivated and improved said tract ever since the said settlement; that Frank N. Forman never made settlement upon said tract since July, 1897, but resided with his family at Moselle, N. D., a distance of twenty-five miles from said tract for more than eighteen months before the filing of said affidavit, where he purchased a farm; that he has wholly abandoned whatever residence and settlement he had upon said land and has so abandoned for the period above mentioned; that he has made no improvements upon said land, except the shanty built during the spring of 1896; that said shanty has no doors, no windows, and contains no furniture, and has been in said condition and wholly uninhabitable for more than 18 months previous to the filing of said affidavit; and that said Forman has wholly abandoned and left said land, and such abandonment has existed for a period of 18 months before the filing of said affidavit, and still exists." That said Forman never made a good-faith settlement and never resided upon said land at any time. That the notice was issued and served by registered mail on both of said parties. That on the 20th day of June, 1899, both parties appeared before the register and receiver of said land office. Forman appeared specially, and moved to dismiss for insufficient notice, which was denied, and the taking of the evidence proceeded, in which Forman participated and in-

troduced evidence. After the close of the testimony in rebuttal for Healey, Forman moved for a continuance to take the deposition of Stephen B. Brown, which was granted and hearing continued until August 3, 1899. On that day a motion was made by Forman to take the testimony of R. N. Ink, which was denied because the adjournment was made to that date solely to secure Brown's deposition.

On September 23, 1899, the officers made diverse decisions. The register found the charges of abandonment by Forman to be proven and recommended cancellation of his entry, and that Healey's application be received. The receiver dissented, finding that Forman's residence on the land had been continuous. Healey appealed from the receiver's decision, which appeal was dismissed because it was not taken in time. Forman appealed from the register's decision to the Commissioner of the General Land Office, and upon such appeal the said Commissioner of the General Land Office affirmed the decision of the register. That thereafter an appeal was taken by Forman to the Secretary of the Interior, who affirmed the decision of the Commissioner of the General Land Office. That thereafter Forman made a motion for review of said decision, which motion was denied on the 5th day of December, 1900. On the 8th day of December, 1900, Forman's entry was canceled, and Healey made his homestead entry on said land, which was allowed on the 19th day of December, 1900. That on the 21st day of January, 1901, pursuant to due notice given, commutation proof was made by Forman before the register and receiver of the United States Land Office at Fargo, and the amount to pay for said land and the necessary fees were deposited by him in said land office. That said final proof was refused by said land office at Fargo and appeal taken therefrom to the Commissioner of the General Land Office, who affirmed the decision of said land office, refusing said proof. An appeal was then taken to the Secretary of the Interior, who affirmed the decision of the commissioner refusing said final proof. A motion was made for review before said Secretary of the Interior, which was denied. That thereafter the defendant, Healey, on the 24th day of May, 1902, made final proof upon his entry of said land, and based upon said final proof the patent for said land was issued to him. That on said 24th day of May, 1902, said appellant, Frank N. Forman, appeared by counsel and filed a protest against said proof and asked permission to cross-examine Healey and his wit-

nesses, which was refused and protest dismissed. On May 25, 1902, all the papers in said proof with fees and protest were received by the Commissioner of the General Land Office, who dismissed the protest of Forman and approved the final proof of Healey. In dismissing said protest the commissioner used the following language: "Every allegation set out in this protest has been adjudicated by this office and this department several times, and to further consider the same matter would be unjust to the entryman, and would subserve no good purpose." Afterwards, appellant, Forman, petitioned for exercise of the supervisory authority of the Secretary of the Interior by an allowance of a writ of certiorari, that the proceedings be transmitted to the department. In passing upon the said petition, the Secretary of the Interior used the following language: "Forman asserts no right in himself not heretofore fully and repeatedly adjudicated." Nor does that applicant show that Healey has not fully complied with the law, and is therefore without merit and is denied.

Appellant asks a reversal for errors of law, as follows: In deciding that defendant is entitled to a judgment herein against the plaintiff adjudging and decreeing that he is the owner of the land described in the complaint, and that appellant has no right, title to, interest in, or lien or incumbrance upon, said land, and that the judgment is not supported by the findings. He also discusses the following propositions of law, which he claims were decided incorrectly by the Land Department, and which, if decided correctly, would give him the land in controversy: "(A) By issuing a filing receipt upon payment by plaintiff a contract was entered into between the plaintiff and the United States. (B) It was error of law for the officers of the local land office to refuse to dismiss the contest because the affidavit upon which the same was based was insufficient. (C) It was error of law for the officers of the local land office to refuse to dismiss the contest because of insufficient notice. (D) It was error of law for the officers of the local land office to refuse the introduction of testimony, tending to show residence or cultivation of said tract subsequent to the date of the defendant's affidavit alleging abandonment. (E) A contest should be dismissed when default charged had been cured prior to the notice of same. (F) Jurisdiction is not conferred by a general appearance after a special appearance was made for the purpose of objecting to jurisdiction. (G) The officers of the local land office had no authority

to call the contest, and it is nil. (H) Plaintiff's final commutation proof based on his entry No. 23,518, should have been allowed. (I) Defendant's notice of ·final proof was insufficient. (J) It was error to allow plaintiff to cross-examine defendant and his witnesses at the hearing of final proof. (K) It was error for the Interior Department to disregard its rules of practice. (L) A secretary of the Interior has no power to annul a decision of his predecessor which determines the rights of the parties to contest for entry of public lands. Such determination is a judicial action which can only be done by the courts."

There is no merit in appellant's point A, in which he contends that by issuing a filing receipt a contract was entered into between him and the United States. In Parsons v. Venzke (decided by this court) 4 N. D. 452, 61 N. W. 1036, 50 Am. St. Rep. 669, the following language is used: "The entryman has no vested right which the commissioner takes away by canceling the enrty. His claim is not vested, but contingent. Its validity depends upon its approval by the commissioner." It is too well settled to need any citation of authorities that a Commissioner of the General Land Office has authority to cancel an entry on public lands. The case of Cornelius v. Kessel, 58 Wis. 237, 16 N. W. 550, and Carroll v. Safford, 3 How. 441, 11 L. Ed. 671, relate to lands purchased by the government under the old law and paid for in full, and have no application to this case. Railway Co. v. Sture, 32 Minn. 95, 20 N. W. 229, was an action by the railway company against Sture, a homesteader, to acquire a right of way through his homestead. Held, that as the railroad company had not complied with the conditions of the act of March 3, 1875, c. 152, 18 Stat. 482 (U. S. Comp. St. 1901, p. 1568), granting railroad companies the right of way through public lands, Sture was entitled to recover the difference between the value of his rights in the homestead as they would have been without the construction of the railroad, and their value diminished by such construction.

Appellant's points B, C, F, and G all relate to the dismissal of the so-called contest, and are considered together. It was not error of law for the officials of the local land office to refuse to dismiss the contest because the affidavit upon which the same was based was insufficient and because of insufficient notice. This was not in reality a contest. Both appellant and respondent had attempted to file on the land in controversy. The land department held that

appellant, on account of the priority of his settlement, was entitled to preference. Afterwards, based on an affidavit by respondent that appellant had abandoned the land since his attempted filing in May, 1896, the Land Department ordered a hearing before the local land officers in Fargo, who caused notice thereof to be served on both parties by mail. On the return day, June 20, 1899, both parties appeared and offered evidence. True, appellant appeared specially and moved to dismiss the proceedings on the ground of the insufficiency of the affidavit and insufficient notice, but afterwards took part in the proceedings, offered evidence, asked for a continuance, which was granted and by his conduct appeared generally. Parsons v. Venzke, supra; Creighton v. Kerr, 20 Wall. 9, 22 L. Ed. 309. It is well settled that the Land Department of the United States, including in that term the Secretary of the Interior, Commissioner of the General Land Office, and subordinate officers, constitutes a special tribunal vested with judicial power to hear and determine all claims of all parties to the public lands which it is authorized to dispose of, and hence had authority to order the hearing in the matter in controversy and cancel the entry. King v. McAndrews, 111 Fed. 860, 50 C. C. A. 29; Lee v. Johnson, 116 U. S. 48, 6 Sup. Ct. 249, 29 L. Ed. 570; Acers v. Snyder, 8 Okl. 659, 58 Pac. 780; Parsons v. Venzke, supra, and cases therein cited.

As shown by appellant's point D at the hearing before the local land officers on the 20th day of June, 1899, and on the adjourned day of said hearing, he offered evidence tending to show residence and cultivation subsequent to the date of respondent's affidavit on which the hearing was ordered. This offer the local officers refused. He now urges this refusal as an error of law which the courts have power to correct. We do not think this testimony could have effected the result. Courts will not review a decision of the United States Land Department on the ground that the evidence was insufficient or that only incompetent evidence was before it, or that it refused to admit evidence, as the power of the department to try questions of fact embraces the power to pass on the weight and competency of evidence. Wiseman v. Eastman, 21 Wash. 163, 57 Pac. 398.

Error in the admission or rejection of evidence can never be presumed with reference to proceedings in the Land Department, and such errors, if relied upon, must be pleaded, and it must be made to appear that the decision finally arrived at in the department was

brought about either by the admission or rejection of that particular evidence. Durando Land & Coal Co. v. Evans, 80 Fed 425, 25 C. C. A. 523; James v. Germania Iron Co., 107 Fed. 597, 46 C. C. A. 476; Thorton v. Peery, 7 Okl. 441, 54 Pac. 649. There is no merit in appellant's point E, that a contest should be dismissed when a default charged had been cured prior to notice of the same. This was not a contest but a hearing between two parties who claimed to have made settlement on the land. None of the evidence which was before the Land Department on that matter is in the record. In the absence of the evidence upon which findings of fact in the Land Department are based, courts will presume that there was legal, competent and relevant evidence to support such findings. Acers v. Snyder, 8 Okl. 659, 58 Pac. 780.

Appellant contends in point H that his final commutation proof based on his entry No. 23,518, should have been allowed. There is no merit in this contention. His entry had been canceled more than one year before his attempt to make said proof. We are cited to no case, and we believe none can be found, where an entryman was allowed to make final proof when his entry had been canceled and it had not been reinstated.

Appellant's points I, J, and K will be considered together. Respondent's notice of final proof was sufficient. The only fault appellant finds with it is that it did not specially cite him to appear at the hearing; he claiming to be an adverse claimant in possession. It is sufficient answer to this that he appeared at the time and place of the hearing of said final proof and protested against its allowance, it was not error to refuse to allow appellant to cross-examine respondent and his witnesses at the said hearing. The cross-examination was denied on the ground that the Department of the Interior had previously passed upon every objection made by appellant in his protest against the allowance of said final proof adversely to him. The Interior Department held that respondent's evidence on the hearing of his final proof was sufficient to entitle him to patent to the land. Appellant says that it was error for the Interior Department to disregard its rules of practice, but has not pointed out what rules were disregarded; but he undoubtedly means the failure of the notice of final proof to cite him to appear at the hearing and the refusal to permit him to cross-examine respondent and his witnesses at said hearing. In Parsons v. Venzke, supra, this court said: "Disregard of rules of practice which does not result in the denial

of a right or loss of an opportunity to be heard will not effect the binding force of the decision." Certainly the appellant was not injured by the alleged failure to observe these rules, as he appeared at the hearing and filed his protest against the proof. True, appellant was not permitted to cross-examine the respondent and his witnesses as to the latter's residence on the land; but that question was passed upon by the land department, his residence found to be sufficient and the patent issued to him.

Appellant's last point, L, is that the Secretary of the Interior has no power to annul a decision of his predecessor which determines the rights of the parties to contest for entry of public lands. Such a determination is a judicial action which can only be done by the courts, and cites Noble v. Railroad Co., 147 U. S. 165, 13 Sup. Ct. 271, 37 L. Ed. 123; Emblem v. Lincoln Land Co., 102 Fed. 559, 42 C. C. A. 499; United States v. Stone, 2 Wall. 525, 17 L. Ed. 765. None of them are applicable to the facts in this case. In Noble v. Railroad Co., the railroad company, plaintiff below, desiring to avail itself of the act of March 3, 1875, granting to railroads the right of way through public lands of the United States filed with the register of the land o ce at Seattle, Wash., a copy of its articles of incorporation, a copy of the law under which it was organized, and other documents required by the act, together with a map showing the termini of the road, its length and its route through the public lands according to the public survey. These papers were transmitted to the Commissioner of the General Land Office, and by him to the Secretary of the Interior, by whom they were approved in writing and ordered to be filed. They were accordingly filed, and the plaintiff notified thereof. It then constructed its lines of road through the public lands according to the map so filed. Afterwards defendant and appellant, who was the successor in office to the Secretary of the Interior by whom the maps were approved, served upon plaintiff an order requiring it to show cause why the approval should not be revoked and annulled. This was followed by an order of the acting Secretary of the Interior annulling and cancelling said maps and directing the Commissioner of the General Land Office to carry out the order. The railroad company then brought an action in equity to enjoin the Secretary of the Interior, and the Commissioner of the General Land Office from executing this order. Held that, under the facts in this case, the right of way vested in the railroad company, and the revocation of

the approval of the Secretary by his successor in office, was an attempt to deprive the company of its property without due process of law, and was therefore void. The same ruling would undoubtedly apply had the Secretary who approved the maps attempted to revoke them.

In Emblem v. Land Co. the complainant brought an action in equity to set aside a patent and declare the defendant trustee of the land for him. From reading the syllabus it would appear that the case sustained the contention of appellant that the Secretary of the Interior has no power to annul a decision of his predecessor. This point was not passed on in the action and was not necessary to its decision. The facts are that, while a contest was pending between the plaintiff and defendant, Congress passed an act awarding the land to defendant which the Circuit Court of Appeals of the Eighth Circuit held it had no power to do.

In United States v. Stone: In 1829 a grant of land was made to the Delaware Indians with Camp Leavenworth as a boundary. In 1830 the President was authorized to employ a surveyor to survey the land, which he did. In 1854 another survey was made by the Secretary of War, which fixed the boundary the same as the 1830 survey. In 1861 the Secretary of the Interior ordered a new survey, which included the lands in controversy as having been granted to the Indians, and which were not included in the other surveys. In setting aside the patent issued to Stone, the court said: "The Secretary of the Interior in 1861 transcended his authority when he attempted to overrule the acts of his predecessor." It will be seen that none of these cases have any bearing on the case at bar. There is another reason, however, why this last contention cannot be sustained. The Secretary of the Interior, C. N. Bliss, passed upon the rights of the parties here up to May 1, 1896. The Secretary of the Interior, E. H. Hitchcock, passed upon the rights of the parties to the land after that date, so that one secretary did not annul or overrule the decision of his predecessor. The entry of appellant was cancelled because he abandoned the land. The patent was issued to the respondent, Healey, on the ground that he had under the homestead laws of the United States earned title to the land. These are matters of fact. The Land Department having power to pass upon them and to reach a conclusion, its decision is final. It is one of the elements of law that the decision of the Land Department on a question of fact is ordinarily binding on the courts. Vanton-

geren v. Heffernan, 5 Dak. 180, 38 N. W. 52, and cases cited; Johnson v. Towsley, 13 Wall. 72, 20 L. Ed. 485; Quinby v. Conlan, 104 U. S. 420, 26 L. Ed. 800; Barden v. Railroad Co., 154 U. S. 288, 14 Sup. Ct. Rep. 1030, 38 L. Ed. 992; Heath v. Wallace, 138 U. S. 573, 11 Sup. Ct. 380, 34 L. Ed. 1063; Steele v. Refining Co., 106 U. S. 447, 1 Sup. Ct. 389, 27 L. Ed. 226; Lee v. Johnson, 116 U. S. 48, 6 Sup. Ct. 249, 29 L. Ed. 570. The reasons for this rule are obvious.

It appears from the various decisions of the Land Department that there was conflicting evidence on each of the material questions determined in the contest between appellant and respondent, and it is a well-settled rule that the decision of the Land Department upon controverted questions of fact are final and conclusive, and courts will not inquire into nor review them.

The Land Department is the only tribunal intrusted by Congress with the power to decide these questions or with authority to dispose of this land, and it had jurisdiction to hear and decide which of these parties was entitled to the land, and, it having decided adversely to appellant, he can obtain no relief in the courts.

The judgment is affirmed.

FISK and SPALDING, JJ., concur. MORGAN, C. J., not participating.

ELLSWORTH, J. (concurring specially). While I concur in the result announced by the opinion of my associates, I am unable to agree with their holding that the proceeding initiated by respondent, Healey, against appellant, Forman, in the United States Land Office at Fargo on May 8, 1899, "was not in reality a contest."

A "contest," according to the definition of the rules of practice of the Land Department (rule 1), is a special proceeding "initiated by an adverse party or other person against a party to any entry, filing or other claim, under the laws of Congress relating to the public lands for any sufficient cause affecting the legality or validity of the claim." The proceeding referred to presents every feature of a contest. It was initiated by an affidavit presented by the respondent, Healey, as contestant, in which were alleged facts constituting a ground of contest. It was directed against appellant, Forman, who on April 27, 1899, had made an entry under the homestead laws and invoked an adversary proceeding, the result of which would eventually determine the rights of one party or the other to the land. The notice issued was in

the exact form required of a notice of contest, and the parties were directed to appear before the local land office and offer testimony in accordance with the rules of practice governing contests. Such a proceeding arising out of a hearing to determine conflicting claims of two parties to priority in entry on a tract of public land is a new contest, or at least "an inquiry in the nature of a new contest," that under specific holdings of the Land Department should be regulated by the rules of practice governing service of notice. Parrish v. Jay, 19 Land Dec. Dep. Int. 405; Lark v. Livingston, 26 Land Dec. Dep. Int. 163. Rule 9 provides (4 Land Dec. Dep. Int. p. 38): "Personal service shall be made in all cases where possible if the party to be served is a resident in the state or territory in which the land is situated, and shall consist in the delivery of a copy of the notice to each person to be served." Forman, was, unquestionably, at the time this notice was issued, a resident of the state and entitled to personal service. He was, however, served only by registered letter, which reached him on June 9, 1889, 11 days before the date of hearing. He appeared before the United States District Land Office on the day of hearing named in the notice and objected to the jurisdiction of the Land Department on the grounds of insufficiency of service. His objection was overruled, and he then took part in the proceedings of the trial, cross-examined the witnesses offered by contestant, introduced witnesses of his own, and applied for and obtained a continuance until August 3, 1899, for the purpose of taking further testimony. On the adjourned date he again appeared, introduced the testimony taken, and joined in a submission of the cause to the register and receiver of the local land office upon oral and written argument of counsel.

Under the rulings of the Land Department an appearance for the purpose of objecting to the sufficiency of the notice does not confer jurisdiction upon the local office; nor is such objection waived by subsequent participation in the trial. Chesley v Rice, 16 Land Dec. Dep. Int. 120; Davison v. Beatie, 14 Land Dec. Dep. Int. 689; Farrier v. Falk, 13 Land Dec. Dep. Int. 546. In denying Forman's motion to dismiss on the ground of insufficient notice, and in asserting and maintaining jurisdiction of the contest, the Land Department may be said to have ignored its rules and disregarded its announced principles of practice. If therefore, in a proceeding in the courts, a failure of the Land Department to

observe its own rules with reference to service of notice may be regarded as depriving it of jurisdiction over the person of a party to a contest, it may be urged with great force that its action, as shown by the facts of the case, in cancelling Forman's entry, was wholly unauthorized.

It has, however, been decided by this court that the Land Department may in particular cases suspend the operation of its rules or entirely disregard them, providing, however, it does not in so doing act in an arbitrary manner and deny the entryman a right to be heard. In case it shall appear that the action of the Land Department in failing to observe its own regulations results in the denial of a fair hearing to an entryman, the courts will restore to him the rights he has lost by such unfair procedure. Under the principle of this ruling, while the action of the local land office in asserting jurisdiction over the person of appellant in this case was a clear disregard of its rules of practice, and might have and should have been reversed either by the Commissioner of the General Land Office or the Secretary of the Interior, it will not be fatal to the action of the department in cancelling the entry, unless it can be said that it resulted in an ex parte proceeding in which the entryman had no chance to be heard, culminating in a cancellation of a bona fide entry. Parsons v. Venzke, 4 N. D. 452, 61 N. W. 1036, 50 Am. St. Rep. 669.

I think it may be assumed upon the facts shown that appellant was accorded a reasonably fair hearing before the local land office. It does not appear that by reason of the defective notice of hearing he was prevented from introducing any evidence important to his case, or was deprived of any right that he would have enjoyed if service had been made in accordance with the rules of practice of the Land Department. It certainly does not appear that the Land Department, under all the circumstances, acted arbitrarily.

The rule that, in the view of courts of this state, a partial or even total disregard by the Land Department of some of its rules will not affect its jurisdiction to cancel an entry upon the public lands, provided it shall appear that the entryman has been accorded a fair hearing, was announced by the court almost fifteen years ago, and since that time has been applied and reiterated so often that it may be said to be a principle firmly embedded in the jurisprudence of our state. While I believe it should be applied

in the determination of this case, I place my concurrence on this point upon the ground of stare decisis.

(121 N. W. 1122.)