## WALTER REALTY CO. v. JONES.

No. 2075.   Opinion Filed January 7, 1913.

(129 Pac. 840.)

1.   **PUBLIC LANDS—Town Sites—Rights of Prior Occupant.** When a town site is entered by the probate judge under sections 2387 and 2388, Revised Statutes (U. S. Comp. St. 1901, pp. 1457, 1458), and the town-site laws of the state of Kansas extended to and put in force in Oklahoma by the act of March 3, 1891 (26 St. at L. 1026, c. 543 [U. S. Comp. St. 1901, p. 1617]), he takes the title in trust for the benefit of the occupants; and when a lot is continuously in the actual possession and occupancy of one party, who is shown to be a prior settler thereon, he is not deprived of his right thereto by an award of the town-site commissioners and a subsequent deed from the probate judge to another party.

2.   **SAME—Findings of Commissioners—Review.** The town-site commissioners appointed by the probate judge are not judicial officers, and their findings are not conclusive, but only advisory; and a court may, on a proper showing, re-examine the questions passed on by them.

(Syllabus by the Court.)

*Error from District Court, Comanche County;*
*J. T. Johnson, Judge.*

Action by the Walter Realty Company against N. Jones. Judgment for defendant, and plaintiff brings error.   Affirmed.

*Stevens & Myers* and *T. B. Orr,* for plaintiff in error.

*Hussey & Japp* and *Hudson & Whalin,* for defendant in error.

KANE, J.   This was an action, commenced by the plaintiff in error, plaintiff below, against the defendant in error, defendant below, to recover possession and quiet title to certain lots in the town of Walter.   Upon trial there was a verdict for the defendant, upon which judgment was duly rendered, to reverse which this proceeding in error was commenced.

The town site of Walter was proved up under sections 2387 and 2388, Rev. Laws of the United States, and the town-site laws of the state of Kansas extended to and put in force in the

territory of Oklahoma by the act of Congress of March 3, 1891
(26 St. at L. 1026, c. 543 [U. S. Comp. St. 1901, p. 1617]). The
findings of the jury are to the effect that on the day of the open-
ing the defendant settled upon the lots in controversy and made
improvements thereon, and claimed them as his own; that one
Crawford, through whom the plaintiff claimed title, and to whom
the town-site commissioners awarded the certificate and the pro-
bate judge issued a deed, did not enter upon the lots until one
day after defendant had occupied and made settlement thereon.
As there was sufficient evidence to support the findings of the
jury, the verdict and judgment based thereon cannot be disturbed.
If, as the jury found, the defendant was an occupant of the lots
in controversy at the time the town site was entered, and made
settlement and improvements thereon, and his occupancy was
prior to his adversary's, and he complied with all the proper
rules and regulations of the probate judge and town-site com-
missioners pertaining to proving up of such town site, the deed
ought to have been issued to him, instead of to Crawford, the
grantor of the plaintiff. *Winfield Townsite Co. v. Maris,* 11 Kan.
128.

It is well settled that when a town site is entered by the pro-
bate judge under sections 2387 and 2388, Revised Statutes of
the United States (U. S. Comp. St. 1901, pp. 1457, 1458), and
the town-site laws of the state of Kansas extended to and put in
force in Oklahoma by the act of March 3, 1891 (26 St. at L.
1026), he takes the title in trust for the benefit of the occupants;
and when a lot is continuously in the actual possession and occu-
pancy of one party, who is shown to be a prior settler thereon,
he is not deprived of his right thereto by an award of the town-
site commissioners and a subsequent deed from the probate judge
to another party. *Rathbone v. Sterling,* 25 Kan. 444.

The case of *King v. Thompson,* 3 Okla. 644, 39 Pac. 466, is
cited by counsel for plaintiff in error to support his contention
that the court had no jurisdiction collaterally to review any ques-
tion decided by the town-site commission appointed by the pro-
bate judge. That case, however, is not in point, for the reason
that it involves the power of a court of equity to review the de-

cisions of a town-site board appointed by the Secretary of the Interior, under a different statute, which provided for appeals from the action of the town-site board to the Commissioner of the General Land Office, and thence to the Secretary of the Interior. It has been held by the Supreme Court of the territory of Oklahoma that the town-site commissioners appointed by the probate judge under the town-site laws of the state of Kansas are not judicial officers, and their findings are not conclusive, but only advisory; and a court may, on a proper showing, reexamine the questions passed on by them. *Downman et al. v. Saunders,* 3 Okla. 227, 41 Pac. 104.

Mr. Justice Bierer, who delivered the opinion of the court in the Downman case, says:

"Under the law regulating the administration of the trust, where lands are entered by the probate judge, for the use and benefit of the occupants of such land, as a town site in this territory, as adopted by Congress from the state of Kansas, the commissioners appointed by the probate judge to set off lots to occupants of a town site are not a judicial tribunal, and their award is not a judicial determination; and it is unnecessary, in the petition of one who seeks to recover lots by virtue of occupancy as against one who holds the deed from the probate judge, to allege fraud in the making of such award, in order to state a cause in his petition."

In support of this proposition *Rathbone v. Sterling,* 25 Kan. 444, *Brown v. Parker,* 2 Okla. 258, 39 Pac. 567, and *Biddick v. Kobler,* 110 Cal. 191, 42 Pac. 578, are cited.

Finding no error in the record, the judgment of the court below is affirmed.

TURNER, C. J., and HAYES and WILLIAMS, JJ., concur; DUNN, J., absent, and not participating.